Staples, J.,
delivered the opinion of the court.
*907 The court is of opinion that the defendant’s first plea in abatement does not present any proper matter of defence to the indictment. The design of the statute in requiring the judges of the several county and corporation courts to select from the qualified voters forty-eight persons, who shall be grand j urors for the next twelve months thereafter, was merely to secure a sufficient number of qualified grand jurors, during that period. When a qualified grand jury is obtained from those thus selected it is no valid objection to it, that others on the list of forty-eight may perchance be disqualified. The proposition asserted in the plea is, that any one of the forty-eight is incompetent to serve, that of itself will vitiate an indictment found by a grand jury, each one of which possesses every necessary qualification. To state the proposition is to give the refutation. See acts. 1877-8, p. 330.
Writh respect to the matter of the second plea in abatement it is sufficient to say that the first grand jury impaneled at the December term, 1878, was a regular grand jury within the true intent and meaning of the statute, although one of the persons serving thereon may have been disqualified, and for that cause the indictment pronounced defective. Upon the discharge of that grand jury it was competent for the court, if the public interests required it, to proceed at once to impanel a special grand jury, consisting of eight persons, as was done in the present case.
The court is therefore of opinion, the corporation court did not err in sustaining the demurrer to the two pleas in abatement.
The court is further of opinion the corporation court did not err in overruling defendant’s motion to summon a jury from another county or corporation. Whatever prejudice may have have prevailed against the defendant, if such there was, growing out of the alleged commission of other offences involved in previous trials, none was shown *908 to exist in the present ease. There was not the slightest, reason for supposing the defendant could not obtain a fair -trial by a jury of the vicinage. Indeed, the motion of the defendant was not made until after fourteen qualified jurors had been obtained, and the entire number was in a short time procured without the slightest difficulty.
The court is further of the opinion, the corporation court did not err in admitting the evidence, oral and documentary, set out in the defendant’s second, third and' fourth bills of exception. That evidence related to the-organization, objects and business of the “building association,” of which defendant was a member, his appointment and duties as secretary of the association, his conduct with respect to the funds of the association in his-hands, and his disposition and appropriation of the check, for the larceny of which he was then on trial. Whether the association was organized strictly in conformity with the requirements of the statute was not a proper subject of enquiry. The defendant having, as secretary of the association, received and wilfully appropriated its funds or-property, could not be heard, upon a criminal prosecution against him therefor, to contradict its legal existence. This-is not the case of a suit brought by the corporation to enforce its rights, when, if the fact of its legal existence is-put in controversy upon the issue, the corporation may be called upon to establish its existence. Nor is it the case of a quo warranto, where the government calls upon the company to establish its legal corporate powers and organization. The case here is of a public prosecution for a crime, where the corporation is no party, and is merely collaterally introduced as being intended to be prejudiced by the commission of the crime. United States v. Amedy,. 11 Wheat. R. 392.
The court is further of opinion, that the corporation court having certified the evidence adduced on the trial, and not the facts proved, it is not the province of this *909 -court to review the finding of the jury, unless it is manifest the testimony is plainly insufficient to warrant the verdict. The defendant is charged with the larceny and embezzlement of a check, the property of the association. It is insisted that he cannot be convicted of the offence, because the check was payable to him or his order, and it was his right as well as his duty to collect the money; and if the defendant was guilty of any offence, it was the larceny of the money, and not of the cheek. In the first place, the check was not the property of the defendant, but of the association. It was payable to him as secretary, and was received by him as such in payment of a debt due the association. It was also made payable to bearer, the -object being not only to identify the check as trust property, but to enable any proper officer of the association to collect the money thereon. It was plainly the defendant’s -duty not to collect, but to turn over the check to the treasurer. Had the defendant duly accounted for the money, that fact would of course establish the fact that he had no intention to appropriate the check. Hot having done so, it was a question for the jury whether he intended to embezzle the check. The corporation court very properly instructed the jury they must be satisfied this intention -existed before or at the time the check passed into the possession of the bank. The jury were satisfied, from all the circumstances, that such was the fact, and we find nothing in the case to warrant this court in interfering with the verdict.
The act of 24th February, 1874, would seem directly to apply to the case. The first section provides “ that if any person shall wrongfully and fraudulently use, dispose cf, conceal, and embezzle, any money, bill, note, check, order, band, draft, receipt, bill of lading, or any other property, which he shall have received for another, or for his employer, principal, or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted *910 0r Slivered to him by another, or by any court, corporation, or company, he shall be deemed guilty of the larceny It has been argued that by the act of 1852, un,jer which this association was organized, the offence with f ' which the defendant is charged is a mere misdemeanor. The penalties prescribed by the act of 1852 relate to acts done without felonious intent, and not to the crime of embezzlement or larceny. If this were not so, if the act of 1852 could be construed as applying to a prosecution like the present, still the act of 1874, already cited, being subsequent in date, must control the case. See Acts of 1874, p. 81, §11.
The court is further of opinion, that the corporation court did not err in refusing to give defendant’s second, third, fourth, fifth, seventh and ninth instructions.
The matter of all these instructions, except the last, has been disposed of in considering the evidence. If the defendant could be legally convicted of embezzling the check under the facts and circumstances already mentioned, these instructions were properly refused by the court. With reference to the ninth instruction, it is only necessary to say that the mere fact the defendant became civilly liable to the association by appropriating its money, did not at all affect the question of his criminal responsibility if he acted with a felonious intent.
The court is further of opinion, that the corporation c court committed no error in the answer it gave to the enquiry of the jury set out in the sixth bill of exceptions. The jury, after retiring to-consult of their verdict, returned into court and propounded the following question : “The jury wish to know if the prisoner drew the money on the Avery check, with the intention of using the same for his own purposes, and not for the liquidation of the-Avery indebtedness, but probably with the intention to return the same at some future day to the building association, can they find him not guilty?” To which the judge replied “ I answer the question in the negative.”
*911 Now, it is to be observed, the only matter as to which the jury desired information was whether, if the defendant took the money, the proceeds of the check, intending pro- - bably to return it at some future day, they would be justified, on that ground, in finding him not guilty. Very properly the court answered the question in the negative. The court might have gone on to explain the matter more fully to the jury, if it deemed any further explanation necessary; it had, however, already given a number of instructions applying to the case, in its various aspects, and it is obvious the jury only desired information upon the point to which their enquiry was addressed. The court,, therefore, very properly contented itself with a direct and simple response to that enquiry.
The court is further of opinion, the corporation court did not err in overruling the defendant’s motion for a new trial upon the ground that the verdict was contrary to the evidence. This has already been disposed of in effect in considering another branch of the case, and nothing further need be added on the subject. The motion for a new trial was, however, based upon the further ground that certain members of the jury, having made up and expressed decided opinions with respect to the guilt of the defendant, were not qualified to give him a fair trial.
Upon that point, all that is necessary to be said is that the affidavits, statements, and examinations of the several jurors and witnesses showed that the remarks attributed to the objectionable jurors had been misunderstood by the hearers. At all events, there was good ground to believe that neither of them had formed such decided opinions as disqualified them from giving the defendant a fair trial.
For these reasons we are of opinion that there is no error in the judgment of the corporation court, and the said judgment must be affirmed.
Judgment affirmed.