COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Elder, Bray,
          Annunziata, Bumgardner, Frank, Humphreys, Clements and
          Agee
Argued at Richmond, Virginia


CHRISTOPHER BRUHN
                                              OPINION BY
v.   Record No. 0818-00-2        JUDGE ROSEMARIE ANNUNZIATA
                                        FEBRUARY 26, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   George F. Tidey, Judge

                 UPON A REHEARING EN BANC

          John G. Douglass (James S. Yoffy; T.C.
          Williams School of Law; Brenner, Evans &
          Yoffy, on brief), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Randolph A. Beales, Acting Attorney
          General; Eugene Murphy, Assistant Attorney
          General, on brief), for appellee.


     On April 24, 2001, a unanimous panel of this Court reversed

the conviction of appellant, Christopher Bruhn, for grand

larceny.  The panel found the evidence insufficient to

demonstrate that Bruhn committed larceny in violation of Code

§ 18.2-95, the only crime charged in the indictment, because it

failed to prove the victim ever possessed the alleged stolen

property.  Furthermore, the panel rejected the Commonwealth's

argument that proof of embezzlement is sufficient to sustain a

conviction under an indictment for grand larceny.  We stayed the

mandate of that decision and reinstated the appeal. Upon rehearing en banc, we reverse the conviction and dismiss the indictment.

## I.

### PROCEDURAL HISTORY

On February 2, 2000, Bruhn was tried under an indictment charging that Bruhn did "take, steal and carry away property, namely, United States currency, belonging to Old World Cabin[e]try, valued at $200.00 or more, with the intent to permanently deprive the owner of the value thereof, in violation of Virginia Code § 18.2-95." At the close of the Commonwealth's case, Bruhn moved to strike the Commonwealth's evidence. The trial court denied the motion. At the conclusion of all the evidence, defense counsel renewed the motion to strike the Commonwealth's evidence, which the court again denied. The trial court found Bruhn guilty of grand larceny.

Before sentencing, Bruhn filed a motion to set aside the verdict, contending that the Commonwealth failed to prove that the victim possessed the allegedly stolen property, which is a necessary element of larceny. In response, the Commonwealth argued, for the first time, that the evidence at trial proved embezzlement and that the embezzlement statute, Code § 18.2-111, "states that embezzlement shall be deemed larceny." The trial court denied the motion to set aside the verdict, stating, "I think the offense was proved."

II.

## Sufficiency of the Evidence to
## Support a Grand Larceny Conviction

For the reasons stated in the panel's opinion, see Bruhn v. Commonwealth, 35 Va. App. 339, 343-44, 544 S.E.2d 895, 897 (2001), we hold that the evidence presented by the Commonwealth was insufficient to support a conviction for grand larceny in violation of Code § 18.2-95, as alleged in the indictment.

III.

## Proof of Embezzlement to Support Grand Larceny Conviction

The Commonwealth argues in the alternative that, if Bruhn's retention of the funds does not constitute larceny, then it constitutes embezzlement, and that proof of embezzlement is sufficient to sustain a conviction on an indictment charging Bruhn with larceny.[1] Assuming, without deciding, that Bruhn was guilty of embezzlement, we hold that proof of embezzlement does not support a conviction under an indictment alleging larceny.

In Virginia, proof of the elements of a crime not alleged in an indictment will not support a conviction. See Baker v. Commonwealth, 225 Va. 192, 194-95, 300 S.E.2d 788, 789 (1983). As the Virginia Supreme Court recently explained in Commonwealth

---

[1] To prove embezzlement, the Commonwealth must prove Bruhn "wrongfully appropriated to [his] use or benefit, with the intent to deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office." Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987).

v. Dalton, our constitutions demand that the Commonwealth indict

for the crime it intends to prosecute:

> The Due Process Clauses of the Constitution
> of the United States and the Constitution of
> Virginia mandate that an accused be given
> proper notification of the charges against
> him.  U.S. Const. amend. XIV; Va. Const.
> art. 1, § 8.  Code § 19.2-220 provides, in
> pertinent part, that an indictment shall be
> "a plain, concise and definite written
> statement, (1) naming the accused,
> (2) describing the offense charged,
> (3) identifying the county, city or town in
> which the accused committed the offense, and
> (4) reciting that the accused committed the
> offense on or about a certain date."  An
> indictment, to be sufficient, must give an
> accused notice of the nature and character
> of the charged offense so the accused can
> make his defense.  Satcher v. Commonwealth,
> 244 Va. 220, 231, 421 S.E.2d 821, 828
> (1992).

259 Va. 249, 253, 524 S.E.2d 860, 862 (2000); see also United

States v. Cruikshank, 92 U.S. 542, 557-58 (1875) (holding that

the Sixth Amendment provides an accused the right to be informed

of the nature and cause of the accusation (citations omitted));

Henson v. Commonwealth, 208 Va. 120, 125, 155 S.E.2d 346, 349

(1967) (noting that Article I, Section 8 of the Virginia

Constitution requires that an accused be apprised of the cause

and nature of his accusation); Wilson v. Commonwealth, 31 Va.

App. 495, 504, 525 S.E.2d 1, 5 (2000) ("An accused has a

constitutional right, under both the United States and Virginia

Constitutions, to be informed of the cause and nature of the

accusation against him." (citations and quotations omitted)).

In this case, Bruhn's indictment notified him that he was being charged with grand larceny of property belonging to his employer, in violation of Code § 18.2-95; he was not charged with embezzlement.  The Commonwealth did not propose any other theory for convicting Bruhn until it responded to defendant's motion to set aside the verdict finding Bruhn guilty of grand larceny.  The predicate for Bruhn's motion was the Commonwealth's failure to prove that the victim possessed the property alleged to have been stolen, a necessary element of larceny.

Thus, throughout his trial, Bruhn defended a charge of grand larceny, the only crime he had been accused of committing.  In his defense, Bruhn presented evidence that his employer did not possess the property alleged to have been stolen and that there had been no "trespassory taking" of the property.  See Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972) (holding that larceny requires trespassory taking); Jones v. Commonwealth, 3 Va. App. 295, 301, 349 S.E.2d 414, 418 (1986) ("[I]n every larceny there must be an actual taking, or severance of the goods from the possession of the owner." (internal quotations and citations omitted)).  Clearly, the indictment did not provide Bruhn sufficient notice to adequately prepare to defend the accusations made against him.  Satcher, 244 Va. at 231, 421 S.E.2d at 828; Sims v. Commonwealth, 28 Va. App. 611, 619, 507 S.E.2d 648, 652 (1998).

The Commonwealth argues, however, that proof of embezzlement has been sufficient to support a conviction for grand larceny in Virginia since the 1800s and, therefore, Bruhn's indictment for larceny provided the constitutionally required notice for an embezzlement conviction.  See, e.g., Pitsnogle v. Commonwealth, 91 Va. 808, 811, 22 S.E. 351, 352 (1895) ("[U]pon an indictment simply charging larceny, the Commonwealth may show . . . that the subject of the larceny was . . . embezzled.").  We disagree.  We find that subsequent amendments to the embezzlement statute changed that law so as to prohibit a conviction for larceny upon an indictment for larceny and proof of embezzlement.

In 1895, when the Supreme Court of Appeals decided Pitsnogle, Code § 3716 (1877) classified embezzlement as larceny for purposes of prosecution and conviction:

> If any person . . . embezzle[s] . . . property which he shall have received for another, or for his employer, . . .  or by virtue of his office, trust, or employment, . . . he shall be deemed guilty of larceny thereof.

Understandably, the Court held that proof of embezzlement sustained a conviction for larceny.  Pitsnogle, 91 Va. at 811, 22 S.E. at 352.[2]

---

[2] Throughout the 19th century, the Court interpreted statutes with similar language as permitting indictments and convictions for larceny upon proof of the elements of other property crimes.  See, e.g., Leftwich v. Commonwealth, 61 Va. (20 Gratt.) 716, 723 (1870) (construing chapter 192, section 49,

The General Assembly adhered to that classification of embezzlement until 1994.  Prior to its amendment in 1994, the statute prohibiting embezzlement, Code § 18.2-111, explicitly allowed the Commonwealth to indict for simple larceny and obtain a conviction on that indictment by proving embezzlement at trial.  Specifically, the pre-1994 statute provided that one who committed the elements of embezzlement "shall be deemed guilty of larceny thereof, may be indicted as for larceny, and proof of embezzlement shall be sufficient to sustain the charge." Code § 18.2-111 (1994).  Upon demand by the defendant, the statute also required the Commonwealth to elect a specific charge upon which to proceed by filing a written statement of "the statute [it] intends to rely upon to ask for conviction." Code § 18.2-111 (1994).

In 1994, however, the General Assembly amended the statute and deleted the language that permitted a defendant who had committed an embezzlement to be "indicted as for larceny."  The

which provided: "If a free person obtain by any false pretense or token from any person, . . . he shall be deemed guilty of the larceny thereof."), applied in Fay v. Commonwealth, 69 Va. (28 Gratt.) 912 (1877); Dull v. Commonwealth, 66 Va. (25 Gratt.) 965 (1875); and Anable v. Commonwealth, 65 Va. (24 Gratt.) 563 (1873); Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727 (1852) (construing Code 729, § 19, which provided that "a person knowingly receiving, or aiding in concealing stolen goods, shall be deemed guilty of larceny thereof"); Shinn v. Commonwealth, 73 Va. (32 Gratt.) 899 (1879) (convicting defendant of larceny, upon indictment for larceny and proof of embezzlement where statute provided "if any person shall . . . embezzle . . . he shall be deemed guilty of the larceny thereof").

General Assembly further eliminated the phrase that made proof of embezzlement "sufficient to sustain" a larceny charge. The first sentence of the statute now provides that any person committing the described acts "shall be guilty of embezzlement." Code § 18.2-111. In effect, the legislative amendment made the crime charged in the indictment consistent with the crime tried and proved, giving notice of the offense "with clearness and all necessary certainty, to apprise the accused of the crime with which he stands charged." Cruikshank, 92 U.S. at 558. Because "[l]egislative amendments are presumed as intended to effect a change in the law," Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990), we conclude that by eliminating these provisions, the General Assembly intended to change the law such that proof of embezzlement is no longer sufficient to sustain a larceny charge. See Beavers' Administratrix v. Putnam's Curator, 110 Va. 713, 717, 67 S.E. 353, 354 (1910) ("The common law . . . remains in force, except in so far as it is changed by statute." (citations omitted)); cf. John Wesley Bartram, Pleading for Theft Consolidation in Virginia: Larceny, Embezzlement, False Pretenses and § 19.2-284, 56 Wash. & Lee L. Rev. 249, 275, 279 (1999) (commenting that the "notable absen[ce]" of the codification of the Pitsnogle rule in the embezzlement statute indicates that "Virginia deems embezzlement to be larceny only for purposes of punishment").

The Commonwealth contends, however, that, in amending Code § 18.2-111, the legislature intended nothing more than to eliminate the provision requiring the Commonwealth to elect the charge it intended to prosecute, which was made unnecessary by the 1975 adoption of legislation giving defendants the right to request a bill of particulars. In essence, the Commonwealth suggests that the General Assembly "merely eliminated surplusage" from the statute and intended that courts continue to rely on a principle of law as expressed a century earlier in the common law. This broad, conclusory position regarding the purpose of the amendment fails to take into account all the amendatory language of the provision. Had the intent of the legislature been simply to eliminate, as duplicative, the right to demand notice of the specific charge upon which prosecution would proceed, it need not have deleted the language permitting an indictment for larceny where the offense to be tried and proved was that of embezzlement, nor added language that, upon proof of embezzlement, the conviction shall be that of embezzlement, not larceny, as it had been under the common law and the statute codifying it. Cf. Pitsnogle, 91 Va. at 811, 22 S.E. at 352.

The Commonwealth's position also fails to consider that, in 1975 when the legislature adopted Code § 19.2-230 granting all

criminal defendants the right to a bill of particulars, it did

not eliminate the provision in Code § 18.2-111 giving larceny

defendants the right to demand the specific larceny charge.

Indeed, it was not until 1994, after the passage of nearly 20

years, that the legislature eliminated the election provision in

Code § 18.2-111, supporting the conclusion that the

legislature's deletion of the election provision was generated

by and followed from its amendment making the crime charged and

the crime underlying the conviction one and the same.

Finally, in its analysis, the Commonwealth unduly

emphasizes a clause in the second sentence, which states that

"embezzlement shall be deemed larceny."  See Code § 18.2-111

("Embezzlement shall be deemed larceny and upon conviction

thereof, the person shall be punished as provided in [the

larceny code sections].").  This language must be construed

within the context of the entire body of law prohibiting

property crimes.  See Campbell v. Commonwealth, 13 Va. App. 33,

38, 409 S.E.2d 21, 24 (1991) (considering seven statutes dealing

with forgery to determine that phrase not employed in statute

prohibiting forgery of a public document did not apply to that

offense). Throughout the Code, in nearly twenty statutes, the

General Assembly declares that persons found to have committed

certain crimes against property "shall be deemed guilty of

larceny," or "shall be deemed guilty of the larceny."  That

phrase is notably absent from the embezzlement statute.  Rather,

Code § 18.2-111 states that persons who embezzle "shall be guilty of embezzlement," and subsequently states that embezzlement "shall be deemed larceny and upon conviction . . . shall be punished as provided in § 18.2-95 or § 18.2-96." As the Supreme Court noted in Klarfeld v. Salsbury, "[w]hen the General Assembly uses two different terms in the same act, it is presumed to mean two different things." 233 Va. 277, 284-85, 355 S.E.2d 319, 323 (1987); accord Campbell, 13 Va. App. at 38, 409 S.E.2d at 24. Therefore, we presume that the legislature employed this phrase in the embezzlement statute to mean something different from the phrases it used elsewhere in the Code. Construing the clause in the context of the act as well as in relation to the specific provision, as amended, in which it is found, see Commonwealth Dept. of Motor Vehicles v. Wallace, 29 Va. App. 228, 233-34, 511 S.E.2d 423, 425 (1999), we conclude that the intent underlying this clause is to classify embezzlement as a larceny crime for the limited purpose of punishment according to the larceny statutes.

In short, we construe this penal statute strictly against the Commonwealth, Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000), and we conclude that the General Assembly intended the current version of Code § 18.2-111 to preclude conviction under an indictment for larceny on proof of embezzlement. Therefore, assuming, without deciding, that Bruhn was guilty of embezzlement, proof of embezzlement does not

support his conviction under the indictment alleging larceny.

See Gwaltney v. Commonwealth, 19 Va. App. 468, 473, 452 S.E.2d 687, 690 (1995) (noting that embezzlement requires proof of elements different from those of larceny).  Because the Commonwealth failed to prove that Bruhn committed the crime charged in the indictment, we reverse the conviction and dismiss the indictment.

Reversed and dismissed.

Bumgardner, J., dissenting.

I dissent from the holding that proof of embezzlement does not support conviction under an indictment alleging larceny. The panel opinion in this case reached that conclusion by analyzing the 1994 amendments to Code § 18.2-111.[3] The en banc opinion now grafts a constitutional dimension to the holding. The ruling changes substantive and procedural law that has been settled for more than a hundred years. I believe it is neither wise nor necessary to conclude the legislature intended such an extensive change to result from the revision of just one of many types of criminal or fraudulent conversions that form the body of law defining theft.

At common law, larceny was the only theft crime, but it required a taking from the possession of another. Crimes such as embezzlement and false pretenses developed to fill the gaps caused by the intricacies of proving possession in larceny prosecutions. See Roger D. Groot, Criminal Offenses and Defenses in Virginia § 185, 329 (4th ed. 1998). As in the present case, various forms of theft were "so much alike in many

_____

[3] Code § 18.2-111 now reads:

> If any person wrongfully and fraudulently . . . embezzle any . . . personal property . . . he shall be guilty of embezzlement. Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.

respects . . . [that they were] often separated by lines so indistinct, and almost imaginary . . . ." Anable v. Commonwealth, 65 Va. (24 Gratt.) 563, 580 (1873). The General Assembly in 1847-48 enacted a revised Criminal Code that declared that any person who receives stolen property, embezzles property, or obtains it by false pretenses "shall be deemed guilty of larceny thereof." 1847-48 Va. Acts. The purpose was "to end this evil [the difficulty of determining the particular form of theft] by making all these crimes larceny . . . ." Anable, 65 Va. (24 Gratt.) at 580.

Beginning with Dowdy v. Commonwealth, 50 Va. (9 Gratt.) 727, 734 (1852), an unbroken line of cases held that proof of one of the "special counts" sustained an indictment charging common law larceny. The Anable case rejected the argument that the wording of those statutes, "shall be deemed guilty of larceny thereof," only fixed punishment. 65 Va. (24 Gratt.) at 566, 580-82. Pitsnogle v. Commonwealth, 91 Va. 808, 811, 22 S.E. 351, 352 (1895), specifically applied the principle to embezzlement, and ever since, "upon the indictment for larceny, proof of embezzlement is sufficient to sustain the charge."

The 1919 revisions to the embezzlement statute remained in effect until 1994. The revisors' note explained with precision the purpose of the modifications:

Two important changes have been made in this section.

Near the beginning of it the word "property" has been changed to "personal property, tangible or intangible." This change makes the decision in Pitsnogle v. Com., 91 Va. 810, 22 S. E. 351, statutory in plain terms.

As to the second change, in view of the fact that upon an indictment for larceny the proof may show simple larceny, embezzlement, obtaining goods by false pretenses, or fraudulent removal of goods which have been levied on, etc., the revisors have considered it wise to add the provision found in the last sentence of the section.

Va. Code Ann. § 4451, 1823-24 (1919). Those notes make clear that the revisors conformed the embezzlement statute to the case law that culminated in Pitsnogle, and inserted an election procedure into the embezzlement statute intended to apply to all larceny indictments.

While wording of the embezzlement statute did not change materially until 1994, related areas of the law did change.[4] Henderson v. Commonwealth, 215 Va. 811, 814, 213 S.E.2d 782, 784 (1975), suggested the election provision only applied to embezzlement cases. Beginning in 1975, a statutory procedure authorized bills of particulars for any felony indictment. 1975 Va. Acts, ch. 495. A circuit court had statutory authority to

---

[4] Branch v. Commonwealth, 184 Va. 394, 35 S.E.2d 593 (1945), held that receiving stolen property was a lesser-included offense of larceny.

order a bill of particulars upon motion made at least seven days

before trial.  Code § 19.2-230.[5]

The 1994 amendment[6] to Code § 18.2-111 deleted words and

phrases from the first sentence, and after specifying the

---

[5] The election provision in Code § 18.2-111 required a demand five days before trial.

[6] In 1994, the General Assembly provided:

Be it enacted by the General Assembly of Virginia:
1.  That § 18.2-111 of the Code of Virginia is amended and reenacted as follows:
§ 18.2-111.  Embezzlement deemed larceny; indictment; statement from attorney for the Commonwealth.
If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation, or company, he shall be ~~deemed~~ guilty of ~~larceny thereof, may be indicted as for larceny, and proof of~~ embezzlement ~~under this section shall be sufficient to sustain the charge.  On the trial of every indictment for larceny, however, the defendant, if he demands it, shall be entitled to a statement in writing from the attorney for the Commonwealth designating the statute he intends to rely upon to ask for conviction. Such statement shall be furnished to the defendant, or his attorney, no later than five days prior to the date fixed for trial on the indictment provided the demand is made more than five days prior to such date.~~  <u>Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.</u>

Va. Code Ann. § 18.2-111 (1994).

proscribed acts, concluded with the phrase "guilty of
embezzlement."  Previously the statute declared any person
committing those acts was "guilty of larceny thereof."  It also
deleted two phrases from that sentence that had declared the
defendant "may be indicted as for larceny" and proof of
embezzlement was "sufficient to sustain the charge."  The
amendment deleted completely the second sentence of the statute
that had defined the election procedure.  It added a concluding
sentence:  "Embezzlement shall be deemed larceny and upon
conviction thereof, the person shall be punished as provided in
§ 18.2-95 or § 18.2-96."

The most apparent purpose of the 1994 amendment to the
embezzlement statute was to remove all reference to the election
procedure so the statute conformed to general criminal
procedure.  A motion for a bill of particulars, Code § 19.2-230,
now provided a remedy for ascertaining the specifics of a
charge.  The newer remedy appeared in Title 19.2 with other
criminal procedure statutes addressing the form and
prerequisites of indictments.  It was not submerged in a
substantive statute that defined a single crime but bore a
procedural rule of general application.  The newer remedy
clearly applied to any felony.  With the election procedure
removed, the embezzlement statute conformed to the newer
procedure for bills of particulars, and inconsistent deadlines
for making the request no longer posed a conflict.

Conforming the embezzlement statute to the general provisions for a bill of particulars in criminal cases is the plainly manifested purpose for the 1994 amendment. However, if the statute is viewed simply as it read before and after the changes in wording, the purpose is susceptible to a broad interpretation. Deleting the language "may be indicted as for larceny" and "shall be sufficient to sustain the charge" permits the elementary conclusion that the purpose was to accomplish the opposite. The majority adopts that approach and concludes the General Assembly intended to preclude proof of embezzlement to sustain a larceny charge.

Before accepting that conclusion, it should be gauged to see if it comports with the overall body of theft law. It does not because it makes the rule for embezzlement an aberration. Embezzlement law has always conformed to the related theft crimes which the majority calls a "subset of larceny."

The clauses, "may be indicted as for larceny" and "shall be sufficient to sustain the charge," were inserted into the embezzlement statute to make plain that the 1919 revisions did not change case law. They insured conformity with established case law. Va. Code Ann. § 18.2-111 (1994); Va. Code Ann. § 4451 (1919). Established law permitted proof of embezzlement to sustain a larceny charge. Pitsnogle, 91 Va. at 811, 22 S.E. at 352. The 1919 revisions did not change the law; they took care to maintain the uniform principle that applied to all offenses

deemed larceny.  Removal of the clauses would not call for reversal of the principle because those clauses did not create it.  The case law had; it remained unchanged.

Changing the last words of the first sentence from "guilty of larceny," to "guilty of embezzlement," is not a material change because the very next phrase declares that embezzlement is larceny.  The core of the amended statute declares, "he shall be guilty of embezzlement.  Embezzlement shall be deemed larceny . . . ."  That nuclear phrase equates embezzlement with larceny.

"Deem" is a term often used in legislation to create the legal fiction that something is that which it is not, or that something is not that which it is.  A Dictionary of Modern Legal Usage 254 (Byran A. Garner ed., 2d ed. 1995); Black's Law Dictionary 425 (7th ed. 1999).  The term was employed in 1847 to make certain theft crimes common law larceny "just as if the offender had feloniously stolen, taken and carried away the subject thus obtained by a false pretense or token."  Dull v. Commonwealth, 66 Va. (25 Gratt.) 965, 981 (1875).  The use of the term in 1994 continued the fiction that embezzlement was larceny.  The term "deemed" incorporated the meanings that case law attached to the fiction and ensured consistency among the various theft statutes.[7]

---

[7] The legal fiction of deeming acts of theft to be larceny is common throughout the Code.  Acts "deemed guilty of larceny" include:  § 6.1-333, Removing property from a safe-deposit box by a co-lessee; § 18.2-98, Larceny of checks; § 18.2-108,

The majority concludes the only purpose for words "deemed larceny" is to fix punishment, which ironically is the construction that has been rejected since 1852. See Dowdy, 50 Va. (9 Gratt.) at 734. It dismisses the traditional construction by saying the phrase must be construed "within the remainder of the sentence." Because the second clause pertains to penalty, the first clause is so limited.

Even when focusing on that single sentence, the interpretation is not convincing. The compound sentence makes two independent statements. "Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96." Code § 18.2-111. The first states embezzlement is deemed larceny; the second states the penalty. If the first statement only serves to fix the penalty, there is no purpose for the second.

---

Receiving stolen goods; § 18.2-111.1, Conversion of military property by person discharged from the national guard; § 18.2-114, Conversion by shippers and warehousemen; § 18.2-114.1, Failure to account by special receivers; § 18.2-117, Failure of bailee to return property; § 18.2-178, Obtaining property by false pretenses; § 42.1-73, Concealment or removal of books from a library; § 63.1-124, False statements to obtain welfare benefits; and § 63.1-124.1, Unauthorized use of food stamps.

Sometimes the statute employs the phrase "deemed guilty of the larceny": § 18.2-101, Selling of goods distrained or levied upon; § 18.2-115, Conversion or removal of property subject to lien; § 18.2-116, Failure to pay for or return goods delivered for selection or approval; § 18.2-118, Conversion or removal of leased property; § 18.2-200, Failure to deliver a crop in return for advances; and § 18.2-200.1, Failure to perform construction in return for advances.

The majority relies on Davis v. Commonwealth, 14 Va. App. 709, 713, 419 S.E.2d 285, 288 (1992), for authority that "'deemed' larceny, 'serves the purposes of defining the parameters of punishment.'" Davis was not an embezzlement case; it involved receiving stolen property. The quote is dicta. No authority ever held that "deeming" receipt of stolen property larceny only defined punishment. Indeed, that is the particular statute that Dowdy interpreted when it initiated the principle. Davis did not address the issue and certainly did not address the Pitsnogle case that held the exact opposite. Davis was decided two years before the 1994 amendment even permitted the suggestion that the revision overruled Pitsnogle.

When the legislature has created the legal fiction that a theft crime is larceny, case law has uniformly held the purpose is not limited to incorporating the penalty for larceny. It permitted indictment for larceny but proof of a specific form.[8] The majority concludes that holding no longer applies to embezzlement because Pitsnogle was determined by the statute then in effect.

In the Pitsnogle line of cases, the statute always stated that if a person did certain acts "he shall be deemed guilty of

---

[8] The legislature continued to designate various theft crimes as "deemed larceny" as late as 1977 and 1978. See Code § 18.2-111.1, Conversion of military property by person discharged from the national guard; Code § 18.2-114.1, Failure to account by special receivers.

larceny."  The words "deemed larceny" that appear in the current

statute carry the same meaning as "deemed guilty of larceny"

that appeared previously.  Indeed, the second case to rule on

the meaning of the clause "deemed guilty of larceny"

interchanged the phrases and concluded that it was proper to

charge specific facts "which the act declares shall be deemed

larceny."  Leftwich v. Commonwealth, 61 Va. (20 Gratt.) 716, 719

(1870).

Pitsnogle did not interpret the particular words "deemed

guilty of larceny."  It noted the wording of the embezzlement

statute was identical to the wording of the statutes for

receiving stolen property and false pretenses.  Accordingly, the

principle that applied to those statutes must apply to the

embezzlement statute.  However, the case that established the

principle, Dowdy, 50 Va. (9 Gratt.) at 734 (Moncure, J.), did

not parse the particular wording of the statute.  It reached its

conclusion by deducing the overall purpose of the General

Assembly when it employed the fiction that acts not larceny were

to be larceny.

Judge Moncure, the author of the Dowdy opinion, explained

in a sequel:

> Larceny at common law always includes a
> trespass, and implies that the property was
> taken invito domino.  The other offences
> named did not include a trespass, and were
> often committed by the consent of the owner,
> though fraudulently obtained.  The statute
> merely abolishes these distinctive features,

and declares that the offenders shall be
deemed guilty of stealing, taking and
carrying away the property.

Anable, 65 Va. (24 Gratt.) at 581 (Moncure, P., concurring on

this point, dissenting from result).  The decision in Dowdy did

not turn on the employment of the word "guilty."

The majority relies on Baker v. Commonwealth, 225 Va. 192,

300 S.E.2d 788 (1983), to insert a constitutional buttress to

its holding.  Baker did not deal with the proposition that an

indictment for larceny gave inadequate notice that the charge

involved embezzlement.  The indictment charged larceny, but at

trial the Commonwealth offered an instruction on false pretenses

only.  The instruction omitted the unique element of the crime,

that title must pass.  No evidence indicated the defendant

obtained title.  Baker dealt with an erroneous finding

instruction that failed to require proof of the essential

element of the crime.  "However, to obtain a larceny conviction

upon a larceny indictment when the proof shows a crime other

than common law larceny, the Commonwealth must fully prove that

other crime."  Groot, supra at 330 (citing Anable, 65 Va. (24

Gratt.) at 567-68).  Baker did not consider, much less

distinguish, modify, or limit, the Pitsnogle holding.

The embezzlement statute is but one of a group of statutes

that address various forms of theft.  The General Assembly has

employed the fiction that various forms of theft are deemed

larceny.  The 1994 amendment modified only one of a group of

statutes.  That one was also the one statute that contained a

procedure applicable to the others.

The adoption of the Criminal Code in 1847 was an early

attempt to consolidate[9] the law of theft and to eliminate the

"indistinct," "almost imaginary" differences in what "all amount

to a criminal and fraudulent conversion by one man to his own

use of another man's property."  Anable, 65 Va. (24 Gratt.) at

580-81 (Moncure, P., dissenting).  The majority's interpretation

severs embezzlement from its traditional association with the

law of theft and makes it unique.  It returns embezzlement to

the arcane subtleties of possession, custody, and title.

The majority's holding impresses on the embezzlement

statute an interpretation that was rejected in Pitsnogle:

deeming embezzlement larceny has no purpose but to define

punishment.  It adopts a constitutional ruling that repudiates

the ruling and explanation in Anable.[10]  Unintended consequences

_____

[9] Many states have moved to consolidate their body of law
into a unitary theft crime.  See John Wesley Bartram, Note,
Pleading for Theft Consolidation in Virginia:  Larceny,
Embezzlement, False Pretenses and 19.2-284, 56 Wash. & Lee L.
Rev. 249, 251 n.23 (1999).

[10] In Anable, 65 Va. (24 Gratt.) at 580-81, Moncure, P.
explained:

> There was nothing incongruous in this, nor
> is there any danger, as the learned counsel
> for the accused in this case seems to
> suppose, that it may take the accused by
> surprise.

are likely to follow from such a far reaching ruling.  Will the constitutional analysis that a larceny indictment gives inadequate notice apply to all larceny indictments?  Will intertwined laws such as the recidivist statute, Code § 18.2-104, apply differently?  _Dull_, 66 Va. (25 Gratt.) at 965, 982, interpreted the old wording "deemed guilty" to apply the substantive gradations of petit larceny and grand larceny to other theft offenses.  Will the embezzlement statute now lack a definition but contain a graded penalty?  At its latest session, the General Assembly enacted Code § 38.2-1810 which mandates a report of "any act of larceny as prescribed in § 18.2-111."[11]

> The offences are all cognate.  They are all offences against property, and property of which larceny may be committed.  They differ only in a few circumstantial details, immaterial in a moral point of view.  They all amount to a criminal and fraudulent conversion by one man to his own use of another man's property. . . .  There is no danger of surprise.  When A is charged with stealing certain property of B, the substance of the charge is the fraudulent conversion of that property by the former to his own use, and whether it was done by means of a larceny at common law, or by receiving the property knowing it to have been stolen, or by obtaining it by false pretences, or by embezzling it after having been entrusted by the owner with its custody, can make no difference in regard to taking the accused by surprise.

[11] Code § 38.2-1810, Report of acts deemed larceny under § 18.2-111, provides in part:

> A.  Whenever any insurer . . . knows . . . any licensee . . . has committed any act of

Does the majority holding effectively eviscerate this act though the words illustrate that the General Assembly still considers the fiction of "deemed larceny" to carry its traditional meaning?

Nothing suggests, much less plainly manifests, the General Assembly intended the major change that the majority attributes to it. I would interpret the 1994 amendment narrowly as a housekeeping update that adjusted for developments after 1919 but that did not make embezzlement an anomaly. Accordingly, I dissent.

---

larceny as prescribed in § 18.2-111 . . . it shall be the duty of the insurer . . . to file with the Commission a complete statement of the relevant facts and circumstances.

B. Whenever any insurer licensed to transact the business of title insurance . . . knows . . . any title insurance agent . . . has committed any act of larceny as prescribed in § 18.2-111 . . . it shall be the duty of the insurer . . . to file with the Commission a complete statement of the relevant facts and circumstances.

Tuesday          29th

May, 2001.


Christopher Bruhn,                                    Appellant,

 against       Record No. 0818-00-2
               Circuit Court No. CR99-4369

Commonwealth of Virginia,                            Appellee.


Upon a Petition for Rehearing En Banc

Before Chief Judge Fitzpatrick, Judges Benton, Willis, Elder,
Bray Annunziata, Bumgardner, Frank, Humphreys, Clements and Agee


On May 8, 2001 came the appellee, by the Attorney General of Virginia, and filed a petition praying that the Court set aside the judgment rendered herein on April 24, 2001, and grant a rehearing en banc thereof.

On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on April 24, 2001 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellee shall attach as an addendum to the opening brief upon rehearing en banc a copy of the opinion previously rendered by the

Court in this matter. It is further ordered that the appellee

shall file with the clerk of this Court twelve additional copies

of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


CHRISTOPHER BRUHN
                                            OPINION BY
v.    Record No. 0818-00-2         JUDGE ROSEMARIE ANNUNZIATA
                                          APRIL 24, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     George F. Tidey, Judge

          John G. Douglass (James S. Yoffy; T.C.
          Williams School of Law; Brenner, Evans &
          Yoffy, on briefs), for appellant.

          Amy L. Marshall, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     The appellant, Christopher Bruhn, appeals his conviction

for grand larceny, in violation of Code § 18.2-95.  Bruhn

contends:  (1) the evidence was insufficient to support a

conviction for grand larceny because it failed to show the

victim ever possessed the alleged stolen property; (2) proof of

the crime of embezzlement is insufficient to sustain a

conviction under an indictment for grand larceny of United

States currency; (3) the evidence was insufficient to prove the

crime of embezzlement; and (4) the Commonwealth failed to

establish venue.  For the following reasons, we reverse.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences fairly deducible therefrom, in the light most favorable to the Commonwealth.  Cressell v. Commonwealth, 32 Va. App. 744, 763-64, 531 S.E.2d 1, 10 (2000).  During the first few months of 1999, Bruhn was employed by Old World Cabinetry, a business located in Hanover County and owned by Thomas Marzeros.  Old World Cabinetry principally built and installed cabinets in homes and mobile homes.  Bruhn was self-employed as a woodworker prior to his employment with Old World.

In February 1999, Barbara Farley, an acquaintance of Bruhn's wife, contacted Bruhn at home and asked him to refinish some antique furniture, as he had done for her in the past.  Mrs. Farley had never heard of Old World Cabinetry and was not aware of Bruhn's new employment there.  However, Marzeros accompanied Bruhn to Farley's home when he went to pick up the furniture, and Bruhn and Marzeros performed the refinishing work together in the Old World workshop in Hanover County.  They did the work on Saturdays, outside the normal business hours of Old World, because refinishing antiques was not part of Old World's regular business.  Bruhn, with Marzeros's knowledge, arranged for Old World to purchase supplies to refinish Farley's furniture, at a cost of $82.55.  After the work was completed, Bruhn delivered the furniture to Farley at her Henrico County

home.  At that time, Bruhn presented her with a bill for $519, a bill that Marzeros had generated for Bruhn on a computer.  The bill did not identify a payee and made no mention of Old World Cabinetry.  At Bruhn's request, Farley paid him with a check drawn on Crestar Bank and made payable to "Chris Bruhn."

Marzeros allowed employees to do personal work in his shop on their own time, but he did not allow "side jobs" to be done for profit.  When he asked Bruhn about the payment from Farley, Bruhn told Marzeros that Farley was not at home when he delivered the furniture.  When Marzeros asked Bruhn a few weeks later about getting payment from Farley, Bruhn told him she was out of town.  On a later occasion, Bruhn's wife told Marzeros that Farley had given the check to her at work, but she had left it at work, an account Bruhn confirmed with Marzeros.

Marzeros contacted Farley several weeks after the job was complete and requested payment.  He learned that Farley had paid Bruhn directly.  Marzeros telephoned Bruhn about the matter and tape-recorded the conversation.  During the phone call, Bruhn told Marzeros that he had the check from Farley and would give it to Marzeros.[12]  Bruhn never did so.  In April 1999, Marzeros terminated Bruhn for business reasons.

---

[12]     MARZEROS:  [D]id Dorothy [Bruhn's wife] get that check?
BRUHN:  Yeah, it's here.
MARZEROS:  Okay, you've got that check from Barbara [Farley]?
BRUHN:  Uh-huh.

On February 2, 2000, Bruhn was tried under an indictment charging that Bruhn did "take, steal and carry away property, namely, United States currency, belonging to Old World Cabin[e]try, valued at $200.00 or more, with the intent to permanently deprive the owner of the value thereof, in violation of Virginia Code § 18.2-95."  At the close of the Commonwealth's case, defense counsel made a motion to strike the Commonwealth's evidence.  In addition, counsel argued that the Commonwealth had failed to establish venue in Henrico County, noting that the only thing Bruhn obtained in Henrico County was a check payable to himself and that there was no evidence that Bruhn ever obtained any "currency" -- the property identified in the indictment -- in Henrico County.  The trial court denied the motions.  Thereafter, Bruhn testified and called several witnesses.  At the conclusion of all the evidence, defense counsel renewed the venue objection and renewed the motion to strike the Commonwealth's evidence.  The trial court denied the motions and found Bruhn guilty of grand larceny.

Before sentencing, Bruhn filed a motion to set aside the verdict.  In that motion, Bruhn argued that larceny is a crime against possession which cannot be sustained absent proof that the victim possessed the property alleged to have been stolen.

---

MARZEROS:  Okay.  Um, when can I hook up with you to pick that check out?
BRUHN:  I can do it Friday.

-

During oral argument on the motion, the Commonwealth argued that the evidence at trial proved embezzlement and that the embezzlement statute, Code § 18.2-111, "states that embezzlement shall be deemed larceny." The trial court denied the motion to set aside the verdict, stating, "I think the offense was proved."

II.

ANALYSIS

A.

Sufficiency of the Evidence to
Support a Grand Larceny Conviction

The Commonwealth charged Bruhn with grand larceny, which Code § 18.2-95(ii) defines as "simple larceny not from the person of another of goods and chattels of the value of $200 or more." In Virginia, larceny is defined by its elements at common law as, "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." Jones v. Commonwealth, 3 Va. App. 295, 300, 349 S.E.2d 414, 417-18 (1986). "'[I]n every larceny there must be an actual taking, or severance of the goods from the possession of the owner.'" Id. at 301, 349 S.E.2d at 418 (citation omitted); see also Maye v. Commonwealth, 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972) (larceny requires "trespassory" taking);

-

<u>Gwaltney v. Commonwealth</u>, 19 Va. App. 468, 474, 452 S.E.2d 687, 691 (1995) (larceny involves "an unlawful taking by trespass").

In this case, the Commonwealth alleges the property stolen by Bruhn was the right to receive the $519 payment that Farley owed in exchange for refinishing her furniture. The Commonwealth contends that the payment was owed to Old World, not Bruhn. Even assuming the Commonwealth's contention is correct, because Bruhn never turned the funds over to his employer, Old World never obtained possession of the money. A larceny was, therefore, not committed. See <u>Lund v. Commonwealth</u>, 217 Va. 688, 691-92, 232 S.E.2d 745, 748 (1977) (holding that larceny involves "a taking and carrying away of a certain concrete article of personal property" and does not apply to, e.g., labor, services, or the use of a computer). Furthermore, were Bruhn found to have wrongfully taken Old World's right to payment, an intangible cannot be the subject of larceny under Code § 18.2-95. <u>Id.</u>

B.

<u>Proof of Embezzlement to Support Grand Larceny Conviction</u>

The Commonwealth argues in the alternative that, if Bruhn's retention of the funds does not constitute larceny, then it constitutes embezzlement, and that proof of embezzlement is sufficient to sustain a conviction on an indictment charging

-

Bruhn with larceny.[13] Assuming, without deciding, Bruhn committed embezzlement, we hold that proof of embezzlement does not support a conviction under an indictment alleging larceny.

Embezzlement is prohibited under Code § 18.2-111. Prior to its amendment in 1994, Code § 18.2-111 explicitly allowed the Commonwealth to indict for simple larceny and obtain a conviction on that indictment by proving embezzlement at trial. The pre-1994 statute provided that one who committed the elements of embezzlement "shall be deemed guilty of larceny thereof, may be indicted as for larceny, and proof of embezzlement shall be sufficient to sustain the charge." Code § 18.2-111 (1994). Upon demand by the defendant, the statute also required the Commonwealth elect a specific charge upon which to proceed by filing a written statement of "the statute [it] intends to rely upon to ask for conviction." Code § 18.2-111 (1994).

In 1994, the General Assembly amended the statute and removed the language which permitted a defendant to be "indicted as for larceny" and further eliminated the phrase which made proof of embezzlement "sufficient to sustain" a larceny charge. The amendment also eliminated the provision requiring the

---

[13] To prove embezzlement, the Commonwealth must prove Bruhn "wrongfully appropriated to [his] use or benefit, with the intent to deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office." Waymack v. Commonwealth, 4 Va. App. 547, 549, 358 S.E.2d 765, 766 (1987).

Commonwealth to elect the particular larceny statute upon which it sought conviction.  Because "[l]egislative amendments are presumed as intended to effect a change in the law," Shaw v. Commonwealth, 9 Va. App. 331, 334, 387 S.E.2d 792, 794 (1990), we conclude that by eliminating these provisions, the General Assembly intended to change the law and that proof of embezzlement is no longer sufficient to sustain a larceny charge.

Although the current version of Code § 18.2-111 provides that "embezzlement shall be deemed larceny," the language must be construed within its context, which pertains to the penalty to be imposed upon conviction for embezzlement.  The statute classifies embezzlement as a larceny crime and provides for punishment according to the larceny statutes.  See Davis v. Commonwealth, 14 Va. App. 709, 713, 419 S.E.2d 285, 288 (1992) (noting that similar provision in Code § 18.2-108 which provides that receipt of stolen property shall be "deemed" larceny "serves the purpose of defining the parameters of punishment").  Therefore, assuming, without deciding, Bruhn committed embezzlement, proof of embezzlement would not support a conviction under an indictment alleging larceny.  See Baker v. Commonwealth, 225 Va. 192, 194-95, 300 S.E.2d 788, 789 (1983) ("Where . . . the Commonwealth elects to prosecute a defendant for a specific category of larceny, and no other, its case must either prevail or fall upon that election.  The Commonwealth

-

cannot retrospectively argue that [a defendant] should be convicted of a crime for which he was not prosecuted . . . .").

Because the Commonwealth failed to prove Bruhn committed grand larceny, in violation of Code § 18.2-95, we reverse the conviction and dismiss the indictment.[14]

<u>Reversed and dismissed</u>.

---

[14] Because we reverse on the grounds discussed above, we need not address Bruhn's contentions with regard to venue and the sufficiency of the evidence to sustain an embezzlement conviction.