### Richmond

ROBERT LEE BAKER

V.

COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 820841.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*Andrew W. Wood* for appellant.
*Robert Harris, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Robert Lee Baker was indicted for and convicted of grand larceny. The only substantive jury instruction offered by the Commonwealth purported to define larceny by false pretenses.** Baker

---

** Instruction No. 9, in pertinent part, reads:

Robert Lee Baker is charged with the crime of larceny by obtaining a 1981 Jeep by false pretenses. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:

(1) That the perpetrator of the offense made a false representation of a past event or an existing fact; and

(2) That the perpetrator of the offense had an intent to defraud the Haynes Motor Company by causing it to part with its 1981 Jeep; and

(3) That because of the false representation, the Haynes Motor Company parted with its 1981 Jeep; and

(4) That the 1981 Jeep taken was worth $200.00 or more; and

(5) Robert Lee Baker is a principal in the second degree to the offense charged.

contends this instruction did not set forth all the necessary elements of larceny by false pretenses, and, in any case, the evidence is insufficient to support a conviction on this charge.

Baker and Donald Shumaker went to an automobile dealership in Henrico County. They were aware that the dealership required customers to leave a vehicle as security while they test-drove one of the dealer's automobiles. After receiving a signal from Baker, Shumaker asked to test-drive a Jeep. Leaving as security a truck which he had fraudulently obtained elsewhere, Baker drove the Jeep away and failed to return it. Baker paid Shumaker $100 for his part in the crime.

Baker contends that, to be guilty of larceny by false pretenses, one must make a false representation that induces the victim to pass both title to and possession of the property to the defendant. Since the jury instruction at issue did not state that passage of title was an element of the crime, Baker contends his conviction cannot stand. He further argues that, even if the instruction had been proper, no evidence was presented that the dealership passed title to the Jeep to Baker and Shumaker. We agree.

"An essential element of larceny by false pretenses is that both title to and possession of property must pass from the victim to the defendant (or his nominee)." *Cunningham* v. *Commonwealth*, 219 Va. 399, 402, 247 S.E.2d 683, 685 (1978). "The gravamen of the offense . . . is the obtainment of ownership of property . . . ." *Quidley* v. *Commonwealth*, 221 Va. 963, 966, 275 S.E.2d 622, 624 (1981). The jury instruction offered by the Commonwealth dealt only with possession and not with title to the property. It was therefore erroneous. Further, no evidence was presented that the dealership passed title to the vehicle to Baker or Shumaker.

The Commonwealth argues that, even if it failed to prove larceny by false pretenses, the evidence at trial was sufficient to sustain a conviction of the common law crime of larceny by trick and that the jury instruction set forth all the elements of this crime. While this may be so, we decline to affirm the conviction on this ground. An accused is entitled to be clearly informed of the charge against him. Va. Const. art. I, § 8. Where, as here, the Commonwealth elects to prosecute a defendant for a specific category of larceny, and no other, its case must either prevail or fail upon that election. The Commonwealth cannot retrospectively

argue that Baker should be convicted of a crime for which he was not prosecuted, and on which the jury was not instructed.

For the reasons stated, the judgment of the trial court will be reversed and the indictment dismissed.

*Reversed and dismissed.*