**Alexandria**

AFEEZ A. OWOLABI

v.

COMMONWEALTH OF VIRGINIA

No. 0706-91-4

Decided March 9, 1993

COUNSEL

Robert W. Gookin, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—The defendant appeals his three convictions of grand larceny challenging the sufficiency of the proof of both the larceny and the value of the property allegedly stolen. We hold that, although the evidence supports a finding of larceny, it does not support a finding that the value of the credit cards stolen was in excess of $200. Neither the value of goods purchased using the stolen credit cards nor the amount of credit available through use of the credit cards is evidence of the value of the credit cards.

In applying for three credit cards, the defendant used a Social Security number that was not his own. After obtaining the credit cards, he used them to purchase merchandise or obtain cash advances in an amount in excess of $200 with each card.

██ Defendant was charged with common law larceny, an offense punishable under Code § 18.2-95.[1] Larceny by trick occurs when one obtains the property of another by making a false representation of a past event or an existing fact with the intent to defraud the owner of the property by causing the owner to part with the property. *People v. Long*, 93 Mich. App. 579, 582, 286 N.W.2d 909, 911 (1979); *see also* Lafave & Scott, *Criminal Law* § 85, at 627, § 90, at 655-68, 660-65 (1972); *cf. Baker v. Commonwealth*, 225 Va. 192, 194, 300 S.E.2d 788, 789 (1983). The defendant contends that the use of a false Social Security number did not cause the issuers of each of the credit cards to issue the cards. However, representatives from the issuers of the credit

---

[1] We, therefore, do not address the applicability of Code § 18.2-186 (false statements to obtain property or credit) or Code § 18.2-195.2 (fraudulent application for credit card).

cards testified that in each instance the issuers relied on the false Social Security numbers given to them by the defendant in issuing the cards. The jury could have found from this evidence that the issuers of the credit cards relied on the defendant's false representation to part with the credit cards and, therefore, that the defendant obtained the credit cards through larceny.

At trial, the Commonwealth did not prove the actual value of the credit cards. Instead, it offered proof of the value of the property the defendant later purchased through the use of two of the cards and the amount of a cash advance he later received on the third card. In each instance, the amount charged on the cards was in excess of $200.

The defendant, however, was not charged with larceny of the merchandise or the cash advances. The indictments charged him only with having stolen the credit cards that were each alleged to have a value in excess of $200.

Even if the defendant's multiple uses of the credit cards were acts of larceny, they were separate acts of larceny not charged in the indictments. The Commonwealth cannot prosecute a defendant for a specific larceny and prevail by proof of another act of larceny for which the defendant "was not prosecuted, and on which the jury was not instructed." *Baker*, 225 Va. at 195, 300 S.E.2d at 789.

■ The defendant's convictions of grand larceny, therefore, must rest on evidence that the credit cards issued to him had a value of $200 or more. Under Code § 18.2-95, as at common law, only money or "goods and chattels" are the subject of larceny. "[N]either time nor services may be taken and carried away" and are not, therefore, contemplated as the subject of larceny. *Lund v. Commonwealth*, 217 Va. 688, 692, 232 S.E.2d 745, 748 (1977) (unauthorized use of a computer not the subject of larceny).

■ At common law, choses in action were not the subject of larceny. *People v. Marques*, 184 Colo. 262, 266, 520 P.2d 113, 116 (1974); *State v. West*, 157 W. Va. 209, 212, 200 S.E.2d 859, 862 (1973); *Tillery v. State*, 44 Ala. App. 369, 371, 209 So. 2d 432, 434 (1968); *Felkner v. State*, 218 Md. 300, 309, 146 A.2d 424, 430 (Md. Ct. App. 1958). Bank notes, checks and other writings and papers of value were not the subject of larceny at common law. *West*, 157 W. Va. at 212, 200 S.E.2d at 862. However, the taking of the paper on which

they were written could be larceny. *Felkner*, 218 Md. at 309, 146 A.2d at 430.

█ A credit card is "any instrument or device . . . issued . . . by an issuer for the use of the cardholder in obtaining money, goods, services, or any other thing of value." Code § 11-30(b). A credit card is a token of credit extended to the cardholder. *See* Code § 8.5-103. Thus, at common law only the card itself, not the line of credit it represented, could be the subject of larceny. The same limitation applies under Code § 18.2-95. *See Lund*, 217 Va. at 692, 232 S.E.2d at 748.

No evidence was presented of the value of the credit cards, only of the lines of credit they represented. Consequently, the evidence did not support a finding that the card had a value greater than $200, and the defendant could be convicted only of petit larceny, not grand larceny. *Contra Miller v. People*, 193 Colo. 415, 418, 566 P.2d 1059, 1061 (1977) (en banc) (evidence of "illegitimate" market value and "dollar amount which may be purchased by using the credit card" are admissible to prove value).

For these reasons, we reverse the judgments of conviction of grand larceny and remand the matter for a trial on a charge of petit larceny, if the Commonwealth so chooses. *See Knight v. Commonwealth*, 225 Va. 85, 90, 300 S.E.2d 600, 602-03 (1983).

*Reversed and remanded.*

Benton, J., and Coleman, J., concurred.