544 S.E.2d 895

**Christopher BRUHN**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0818–00–2.**

Court of Appeals of Virginia,
Richmond.

April 24, 2001.

John G. Douglass (James S. Yoffy, Richmond; T.C. Williams School of Law; Brenner, Evans & Yoffy, on briefs), for appellant.

Amy L. Marshall, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: ELDER, ANNUNZIATA and HUMPHREYS, JJ.

ANNUNZIATA, Judge.

The appellant, Christopher Bruhn, appeals his conviction for grand larceny, in violation of Code § 18.2–95. Bruhn contends: (1) the evidence was insufficient to support a conviction for grand larceny because it failed to show the victim ever possessed the alleged stolen property; (2) proof of the crime of embezzlement is insufficient to sustain a conviction under an indictment for grand larceny of United States currency; (3) the evidence was insufficient to prove the crime of embezzlement; and (4) the Commonwealth failed to establish venue. For the following reasons, we reverse.

## I.

### BACKGROUND

On appeal, we view the evidence and all reasonable inferences fairly deducible therefrom, in the light most favorable to the Commonwealth. *Cressell v. Commonwealth,* 32 Va.App. 744, 763–64, 531 S.E.2d 1, 10 (2000). During the first few months of 1999, Bruhn was employed by Old World Cabinetry, a business located in Hanover County and owned by Thomas Marzeros. Old World Cabinetry principally built and installed cabinets in homes and mobile homes. Bruhn was self-employed as a woodworker prior to his employment with Old World.

In February 1999, Barbara Farley, an acquaintance of Bruhn's wife, contacted Bruhn at home and asked him to refinish some antique furniture, as he had done for her in the past. Mrs. Farley had never heard of Old World Cabinetry and was not aware of Bruhn's new employment there. However, Marzeros accompanied Bruhn to Farley's home when he went to pick up the furniture, and Bruhn and Marzeros performed the refinishing work together in the Old World workshop in Hanover County. They did the work on Saturdays, outside the normal business hours of Old World, because refinishing antiques was not part of Old World's regular business. Bruhn, with Marzeros's knowledge, arranged for Old World to purchase supplies to refinish Farley's furniture,

at a cost of $82.55. After the work was completed, Bruhn delivered the furniture to Farley at her Henrico County home. At that time, Bruhn presented her with a bill for $519, a bill that Marzeros had generated for Bruhn on a computer. The bill did not identify a payee and made no mention of Old World Cabinetry. At Bruhn's request, Farley paid him with a check drawn on Crestar Bank and made payable to "Chris Bruhn."

Marzeros allowed employees to do personal work in his shop on their own time, but he did not allow "side jobs" to be done for profit. When he asked Bruhn about the payment from Farley, Bruhn told Marzeros that Farley was not at home when he delivered the furniture. When Marzeros asked Bruhn a few weeks later about getting payment from Farley, Bruhn told him she was out of town. On a later occasion, Bruhn's wife told Marzeros that Farley had given the check to her at work, but she had left it at work, an account Bruhn confirmed with Marzeros.

Marzeros contacted Farley several weeks after the job was complete and requested payment. He learned that Farley had paid Bruhn directly. Marzeros telephoned Bruhn about the matter and tape-recorded the conversation. During the phone call, Bruhn told Marzeros that he had the check from Farley and would give it to Marzeros.[1] Bruhn never did so. In April 1999, Marzeros terminated Bruhn for business reasons.

On February 2, 2000, Bruhn was tried under an indictment charging that Bruhn did "take, steal and carry away property, namely, United States currency, belonging to Old World Cabin[e]try, valued at $200.00 or more, with the intent to permanently deprive the owner of the value thereof, in violation of

---

1. MARZEROS: [D]id Dorothy [Bruhn's wife] get that check?
 BRUHN: Yeah, it's here.
 MARZEROS: Okay, you've got that check from Barbara [Farley]?
 BRUHN: Uh-huh.
 MARZEROS: Okay. Um, when can I hook up with you to pick that check out?
 BRUHN: I can do it Friday.

Virginia Code § 18.2–95." At the close of the Commonwealth's case, defense counsel made a motion to strike the Commonwealth's evidence. In addition, counsel argued that the Commonwealth had failed to establish venue in Henrico County, noting that the only thing Bruhn obtained in Henrico County was a check payable to himself and that there was no evidence that Bruhn ever obtained any "currency"—the property identified in the indictment—in Henrico County. The trial court denied the motions. Thereafter, Bruhn testified and called several witnesses. At the conclusion of all the evidence, defense counsel renewed the venue objection and renewed the motion to strike the Commonwealth's evidence. The trial court denied the motions and found Bruhn guilty of grand larceny.

Before sentencing, Bruhn filed a motion to set aside the verdict. In that motion, Bruhn argued that larceny is a crime against possession which cannot be sustained absent proof that the victim possessed the property alleged to have been stolen. During oral argument on the motion, the Commonwealth argued that the evidence at trial proved embezzlement and that the embezzlement statute, Code § 18.2–111, "states that embezzlement shall be deemed larceny." The trial court denied the motion to set aside the verdict, stating, "I think the offense was proved."

## II.

### ANALYSIS

#### A.

*Sufficiency of the Evidence to Support
a Grand Larceny Conviction*

The Commonwealth charged Bruhn with grand larceny, which Code § 18.2–95(ii) defines as "simple larceny not from the person of another of goods and chattels of the value of $200 or more." In Virginia, larceny is defined by its elements at common law as, "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to

another, without his assent, and with the intention to deprive the owner thereof permanently." *Jones v. Commonwealth,* 3 Va.App. 295, 300, 349 S.E.2d 414, 417–18 (1986). " '[I]n every larceny there must be an actual taking, or severance of the goods from the possession of the owner.' " *Id.* at 301, 349 S.E.2d at 418 (citation omitted); *see also Maye v. Commonwealth,* 213 Va. 48, 49, 189 S.E.2d 350, 351 (1972) (larceny requires "trespassory" taking); *Gwaltney v. Commonwealth,* 19 Va.App. 468, 474, 452 S.E.2d 687, 691 (1995) (larceny involves "an unlawful taking by trespass").

 In this case, the Commonwealth alleges the property stolen by Bruhn was the right to receive the $519 payment that Farley owed in exchange for refinishing her furniture. The Commonwealth contends that the payment was owed to Old World, not Bruhn. Even assuming the Commonwealth's contention is correct, because Bruhn never turned the funds over to his employer, Old World never obtained possession of the money. A larceny was, therefore, not committed. *See Lund v. Commonwealth,* 217 Va. 688, 691–92, 232 S.E.2d 745, 748 (1977) (holding that larceny involves "a taking and carrying away of a certain concrete article of personal property" and does not apply to, e.g., labor, services, or the use of a computer). Furthermore, were Bruhn found to have wrongfully taken Old World's right to payment, an intangible cannot be the subject of larceny under Code § 18.2–95. *Id.*

### B.

#### *Proof of Embezzlement to Support Grand Larceny Conviction*

 The Commonwealth argues in the alternative that, if Bruhn's retention of the funds does not constitute larceny, then it constitutes embezzlement, and that proof of embezzlement is sufficient to sustain a conviction on an indictment charging Bruhn with larceny.[2] Assuming, without deciding,

---

2. To prove embezzlement, the Commonwealth must prove Bruhn "wrongfully appropriated to [his] use or benefit, with the intent to

Bruhn committed embezzlement, we hold that proof of embezzlement does not support a conviction under an indictment alleging larceny.

Embezzlement is prohibited under Code § 18.2–111. Prior to its amendment in 1994, Code § 18.2–111 explicitly allowed the Commonwealth to indict for simple larceny and obtain a conviction on that indictment by proving embezzlement at trial. The pre-1994 statute provided that one who committed the elements of embezzlement "shall be deemed guilty of larceny thereof, may be indicted as for larceny, and proof of embezzlement shall be sufficient to sustain the charge." Code § 18.2–111 (1994). Upon demand by the defendant, the statute also required the Commonwealth elect a specific charge upon which to proceed by filing a written statement of "the statute [it] intends to rely upon to ask for conviction." Code § 18.2–111 (1994).

■ In 1994, the General Assembly amended the statute and removed the language which permitted a defendant to be "indicted as for larceny" and further eliminated the phrase which made proof of embezzlement "sufficient to sustain" a larceny charge. The amendment also eliminated the provision requiring the Commonwealth to elect the particular larceny statute upon which it sought conviction. Because "[l]egislative amendments are presumed as intended to effect a change in the law," *Shaw v. Commonwealth,* 9 Va.App. 331, 334, 387 S.E.2d 792, 794 (1990), we conclude that by eliminating these provisions, the General Assembly intended to change the law and that proof of embezzlement is no longer sufficient to sustain a larceny charge.

Although the current version of Code § 18.2–111 provides that "embezzlement shall be deemed larceny," the language must be construed within its context, which pertains to the penalty to be imposed upon conviction for embezzlement. The statute classifies embezzlement as a larceny crime and pro-

---

deprive the owner thereof, the property entrusted to [him] by virtue of [his] employment or office." *Waymack v. Commonwealth,* 4 Va.App. 547, 549, 358 S.E.2d 765, 766 (1987).

vides for punishment according to the larceny statutes. *See Davis v. Commonwealth,* 14 Va.App. 709, 713, 419 S.E.2d 285, 288 (1992) (noting that similar provision in Code § 18.2–108 which provides that receipt of stolen property shall be "deemed" larceny "serves the purpose of defining the parameters of punishment"). Therefore, assuming, without deciding, Bruhn committed embezzlement, proof of embezzlement would not support a conviction under an indictment alleging larceny. *See Baker v. Commonwealth,* 225 Va. 192, 194–95, 300 S.E.2d 788, 789 (1983) ("Where ... the Commonwealth elects to prosecute a defendant for a specific category of larceny, and no other, its case must either prevail or fall upon that election. The Commonwealth cannot retrospectively argue that [a defendant] should be convicted of a crime for which he was not prosecuted. . . .").

Because the Commonwealth failed to prove Bruhn committed grand larceny, in violation of Code § 18.2–95, we reverse the conviction and dismiss the indictment.[3]

*Reversed and dismissed.*

---

**3.** Because we reverse on the grounds discussed above, we need not address Bruhn's contentions with regard to venue and the sufficiency of the evidence to sustain an embezzlement conviction.