COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Kelsey
Argued at Alexandria, Virginia


LAURA L. FOSTER
                                                        OPINION BY
v.      Record No. 2535-03-4           JUDGE RUDOLPH BUMGARDNER, III
                                                    DECEMBER 21, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

David A. Downes (Amy L. Casey, on briefs), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Laura L. Foster appeals her misdemeanor conviction for uttering a bad check, Code

§ 18.2-181.[1]  She maintains the statute of limitations, Code § 19.2-8,[2] barred her prosecution.

We affirm her conviction.

---

[1] Code § 18.2-181.  Issuing bad checks, etc., larceny.

> Any person who, with intent to defraud, shall make or draw or
> utter or deliver any check, draft, or order for the payment of money
> . . . knowing, at the time of such making, drawing, uttering or
> delivering, that the maker or drawer has not sufficient funds in, or
> credit with, such bank . . . shall be guilty of larceny; and, if this
> check, draft, or order has a represented value of $200 or more,
> such person shall be guilty of a Class 6 felony.  In cases in which
> such value is less than $200, the person shall be guilty of a Class 1
> misdemeanor.

[2] Code § 19.2-8 provides, in part:

> A prosecution for a misdemeanor, or any pecuniary fine, forfeiture,
> penalty or amercement, shall be commenced within one year next
> after there was cause therefor, except that a prosecution for petit
> larceny may be commenced within five years . . . .

The defendant uttered a bad check to Wal-Mart for $140.88. Wal-Mart did not obtain a warrant until fourteen months later. The trial court ruled the five-year statute of limitations for petit larceny applied and denied the plea of the statute of limitations.

Generally, felonies are not subject to a statute of limitations. See generally Ronald J. Bacigal, Criminal Procedure § 14-9, 413 (2004). Generally, misdemeanors are subject to a one-year limitation, but petit larceny is subject to a five-year limitation. Code § 19.2-8.

At early common law, larceny was the only theft crime, but it required a taking from the possession of another. New crimes such as embezzlement and false pretenses developed to fill the gaps caused by the intricacies of proving possession in larceny prosecutions. See Roger D. Groot, Criminal Offenses and Defenses in Virginia 284, 503 (2004). In 1847-48, the General Assembly began enacting statutes that declared persons who committed various acts of theft "shall be deemed guilty of larceny thereof." 1847-48 Va. Acts, ch. 4. It employed that legal fiction in an effort to consolidate the law of theft and to eliminate the "indistinct," "almost imaginary" differences in what "all amount to a criminal and fraudulent conversion by one man to his own use of another man's property." Anable v. Commonwealth, 65 Va. (24 Gratt.) 563, 580-81 (1873) (Moncure, P., dissenting). The General Assembly has continued that practice to the present. 2003 Va. Acts, ch. 733.

Code § 18.2-181 declares that any person who utters a bad check "shall be guilty of larceny." The defendant concedes she was convicted of larceny, but she argues her conviction was not petit larceny to which the five-year limitation applies. She argues that Code § 18.2-96

defines the term "petit larceny,"[3] and only violations of that single code section receive the five-year statute of limitations.

The term larceny is defined as "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945) (citing Vaughan v. Lytton, 126 Va. 671, 679, 101 S.E. 865, 867 (1920)). Larceny is either grand or petit, "offenses, which are considerably distinguished in their punishment, but not otherwise." 4 William Blackstone, Commentaries on the Laws of England ch. 17, 229 (1765).

The Statute of Westminster I, 3 Edw., ch. 15 (1275), first created the classifications of petit and grand larceny and distinguished the two by the punishment prescribed. "Both were felonies." Bell v. Commonwealth, 167 Va. 526, 531, 189 S.E. 441, 444 (1937). Grand larceny and petit larceny were not different crimes, but they were penalty gradations for the single offense, larceny. "At common law, there was no distinction between grand and petit larceny except in the punishment, which was death in the one case and whipping in the other, -- by statute extended to transportation for seven years. 4 George 1, chapter 11, 4th Blackstone, pages 229, 238." Id. The term "larceny" includes both petit and grand grades of the offense.

The value of the goods taken is not an element of petit larceny, but the value of the goods is an essential element of grand larceny. Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983). "Proof that an article has some value is sufficient to warrant a conviction of

---

[3] Code § 18.2-96. Petit larceny defined; how punished. - Any person who:

    1. Commits larceny from the person of another of money or other thing of value of less than $5, or
    2. Commits simple larceny not from the person of another of goods and chattels of the value of less than $200, except as provided in subdivision (iii) of § 18.2-95, shall be deemed guilty of petit larceny, which shall be punishable as a Class 1 misdemeanor.

petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount." Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

From its first enactment in 1920, the bad check law has provided that anyone who obtained property by means of a worthless check shall be deemed guilty of larceny. Page v. Wilson, 168 Va. 447, 450-51, 191 S.E. 678, 680 (1937). The original act did not include any penalty provision. The penalty was supplied by the provisions applicable to larceny. In 1926, the offense became a misdemeanor. 1926 Va. Acts, ch. 292. In 1930, the General Assembly changed the offense to grand larceny when a sufficient sum was involved. 168 Va. at 451, 191 S.E. at 680. Final amendments in 1934 established the act in its present form.

Despite the "frequent raising and lowering of the degree of crime dealt with," the bad check statute has retained a uniform, "practically identical" definition of the crime. Cook v. Commonwealth, 178 Va. 251, 256, 16 S.E.2d 635, 637 (1941) (tracing the evolution of the bad check statute). From its first enactment, the bad check statute encompassed both the misdemeanor and felony grades of the crime with the term "larceny." The statute punished the taking of property with no intent to pay for it as a form of larceny, and it adopted the gradations applicable to larceny. "The giving of bad checks for what purports to be cash purchases is discouraged." Page, 168 Va. at 452, 191 S.E. at 681.

The 1934 Act consisted of a single section of the Code broken into three numbered paragraphs. "The first paragraph of the statute, containing the definition of the offense and designating it as larceny, remains virtually unchanged since the statute was originally passed by the General Assembly in 1920." Bray v. Commonwealth, 9 Va. App. 417, 422, 388 S.E.2d 837, 839 (1990). The "Third" paragraph, which created the inference of intent, is unchanged, but now appears as separate Code § 18.2-183.

The "Second" paragraph of the 1934 Act stated the penalty if the defendant "would be guilty of grand larceny." It made no mention of the penalty if the defendant would have been guilty of petit larceny.

> Any person who, under the provisions of this act, would be guilty of grand larceny shall, in the discretion of the jury or court trying the case without a jury, be confined in the penitentiary not less than one year nor more than five years, or be confined in jail not exceeding twelve months and fined not exceeding five hundred dollars.

1934 Va. Acts, ch. 363. The first phrase in the "Second" paragraph, "would be guilty of grand larceny," clearly linked directly with the last phrase in the "First" paragraph, "guilty of larceny" and implied grand larceny is only one form of that larceny.

By 1934, the maximum penalty for felony bad check was lower than that for simple grand larceny. The bad check statute required a special provision prescribing the penalty for the felony grade because it differed from the general provision for grand larceny. The statute had no need to provide a penalty for the misdemeanor. The general provisions applicable to petit larceny supplied the penalty for the misdemeanor offense, just as it had done for both grades of the offense in the earlier versions of the statute.

Code § 18.2-181 now prescribes the penalty for both the misdemeanor and felony grades of the offense. The misdemeanor offense required a separate penalty provision after misdemeanors were divided into four classes. 1975 Va. Acts, chs. 14, 15. A more important reason for including penalty provisions for both misdemeanor and felony grades is to clarify that the face amount of the check determines the grade of offense. It eliminates a problem that arose as intangible property became a common object of the various acts of larceny.

"Bank notes, checks and other writings and papers of value were not the subject of larceny at common law." Owolabi v. Commonwealth, 16 Va. App. 78, 80, 428 S.E.2d 14, 15 (1993). Without evidence of the actual value of the instrument, only the paper was taken and

only petit larceny was proven.  Id. at 81, 428 S.E.2d at 15.  Present Code § 18.2-98 rectified the problem by making the face value of an instrument proof of its actual value.  "Indeed, no proof of its actual value was required, as *the law* deems it to be of the value expressed on its face."  Whalen v. Commonwealth, 90 Va. 544, 549, 19 S.E. 182, 183 (1894).

The penalty clause of Code § 18.2-181 makes clear that face value of an instrument determines the grade of the offense just as Code § 18.2-98 does for takings.  If the "represented value" was $200 or more, the act was a Class 6 felony; if less than $200, a Class I misdemeanor.  Code § 18.2-181.  The General Assembly used the same standard to distinguish between felony and misdemeanor bad checks in Code § 18.2-181 that it used to distinguish between felony and misdemeanor larcenies in Code §§ 18.2-95 and -96.  The demarcation in both is $200, and both of the misdemeanor offenses are punished as Class 1 misdemeanors.

Code § 18.2-96 does not define "petit larceny" as a term of art that provides the precise meaning of the term applicable to other titles of the Code.  The title of the statute might suggest that interpretation, "Petit larceny defined; how punished."  However, the title of a statute does not give meaning to a statute.  Code § 1-13.9.  Titles are for information and convenience.  Jones v. Div. of Child Support Enforcement ex rel. Owens, 19 Va. App. 184, 189, 450 S.E.2d 172, 175 (1994).

The wording of the statute provides no definition of "petit larceny."  The first provision fixes the monetary boundary between felony and misdemeanor larceny from the person.  Larceny from the person has never been a form of simple larceny, though petit larceny is.  Larceny "is distinguished by the law into two sorts; the one called simple larceny, or plain theft unaccompanied with any other atrocious circumstance; and mixt or compound larceny, which also includes in it the aggravation of a taking from one's house or person."  Blackstone, supra, at 229.

In addition, the statute provides that the two acts shall be "deemed petit larceny." This Court has interpreted similar phrases as only relating to the punishment characteristics of the deemed offense. Davis v. Commonwealth, 14 Va. App. 709, 713, 419 S.E.2d 285, 288 (1992); Bruhn v. Commonwealth, 35 Va. App. 339, 345-46, 544 S.E.2d 895, 898 (2001). That rationale does not impart the definition of the deemed offense to the defined term.

Code § 18.2-96 merely designates the monetary standard for the misdemeanor grade of two forms of theft, larceny from the person and simple larceny, and prescribes the penalty for the lower grade of the crimes. As with other common law crimes, case law as rendered over time establishes the elements of the offenses and gives definition to the term. Code § 18.2-96 does not define the term "petty larceny" as a term of art. It simply prescribes the penalty for two forms of misdemeanor taking.

The statute of limitations applies a five-year limitation to prosecutions of "petit larceny." That term means the misdemeanor grade of larceny. The punishment imposed for any offense determines its grade. Code § 18.2-8. Offenses punishable by death or imprisonment are felonies; those punishable by jail or fine are misdemeanors. Benton v. Commonwealth, 89 Va. 570, 572, 16 S.E. 725, 725 (1893). Petit larceny has never borne the penalty of death or imprisonment. It is the misdemeanor level of those acts that the General Assembly defines as larceny.

The defendant concedes that her rationale would mean the five-year statute of limitations would only apply to violations of Code § 18.2-96. The long history of designating various unlawful takings as larceny shows the General Assembly did not intend such a restrictive meaning. "[W]e are required to adopt the plain meaning of the statute rather than a curious, narrow or strained construction." Sylvestre v. Commonwealth, 10 Va. App. 253, 257, 391

S.E.2d 336, 339 (1990). To do so, we hold the General Assembly intended the five-year statute of limitations to apply to misdemeanor bad check offenses.

The General Assembly defined uttering a bad check as larceny. This offense involved uttering a check of $140.88. The penalty for the offense makes it a misdemeanor. By designating uttering a bad check to be a form of larceny, Code § 18.2-181 makes the misdemeanor grade of the offense a form of larceny. The lesser grade of larceny has been known as petit larceny for centuries. The trial court correctly applied the five-year statute of limitations applicable to this misdemeanor violation of the bad check statute. Accordingly, we affirm.

<u>Affirmed.</u>

Benton, J., dissenting.

The Commonwealth prosecuted Laura L. Foster for the misdemeanor of uttering a check in the amount of $140.88, with the intent to defraud in violation of Code § 18.2-181. In pertinent part, the statute reads as follows:

> Any person who, with intent to defraud, shall make or draw or utter or deliver any check . . . for the payment of money, upon any bank, . . . knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank, for the payment of such check, . . . although no express representation is made in reference thereto, shall be guilty of larceny; and, if this check, draft, or order has a represented value of $200 or more, such person shall be guilty of a Class 6 felony. In cases in which such value is less than $200, the person shall be guilty of a Class 1 misdemeanor.

The Commonwealth instituted this prosecution more than one year after the event occurred. Except as provided in the following statute, however, the legislature has put a one-year limitation on the prosecution for misdemeanors:

> A prosecution for a misdemeanor, or any pecuniary fine, forfeiture, penalty or amercement, shall be commenced within one year next after there was cause therefor, except that a prosecution for petit larceny may be commenced within five years, and for an attempt to produce abortion, within two years after commission of the offense.

Code § 19.2-8. Although this statute expressly bars "prosecution for a misdemeanor" after one year, and Code § 18.2-181 expressly denotes the offense as a "Class 1 misdemeanor," the Commonwealth contends that the exception contained within the statute of limitation applies. I disagree.

"[A] statute of limitations reflects a legislative judgment that, after a certain time, no quantum of evidence is sufficient to convict." Stogner v. California, 539 U.S. 607, 615-16 (2003). To give effect to this legislative judgment, "courts are obligated to enforce statutes of limitation strictly and to construe any exception thereto narrowly." Westminster Invest Corp. v.

Lamps Unltd., 237 Va. 543, 547, 379 S.E.2d 316, 318 (1989).  Accord Arlington v. Peoples

Security Life Ins., 250 Va. 52, 55, 458 S.E.2d 289, 290 (1995).

No language within the text of Code § 18.2-181 denotes the offense to be petit larceny.

No other statute denotes the offense to be petit larceny.  Indeed, the term "petit larceny" is a

creature of statute and is defined as follows:

> § 18.2-96.  Petit larceny defined; how punished. - Any person who:
>
> 1.  Commits larceny from the person of another of money or other thing of value of less than $5, or
>
> 2.  Commits simple larceny not from the person of another of goods and chattels of the value of less than $200, except as provided in subdivision (iii) of § 18.2-95, shall be deemed guilty of petit larceny, which shall be punishable as a Class 1 misdemeanor.

This statute distinguishes between "larceny," see subpart 1. and "simple larceny," see

subpart 2.  The rule has long been established in Virginia that "[s]imple larceny . . . is:  'the

*wrongful or fraudulent taking of personal goods* of some *intrinsic value*, belonging to *another*,

without his *assent*, and with the intention to *deprive* the owner thereof *permanently*.'"  Vaughan

v. Lytton, 126 Va. 671, 679, 101 S.E. 865, 867 (1920).  Simply put, Code § 18.2-181 does not

create an offense that falls within the definition of "simple larceny" because it is neither a taking

"without . . . assent," id., nor a taking involving "complete and absolute possession of the stolen

property," Jones v. Commonwealth, 3 Va. App. 295, 301, 349 S.E.2d 414, 418 (1986).

Significantly, the Supreme Court has unambiguously held that "[t]he elements of the

statutory [bad check] offense are materially different from those of common law larceny."

Payne v. Commonwealth, 222 Va. 485, 488, 281 S.E.2d 873, 874 (1981).  Unlike simple larceny,

which requires a showing that the accused obtained possession of the property, "[t]o prove a

bad-check offense, '[i]t need not be shown . . . that anything was received in return for the

check,' for 'the offense is complete when, with the requisite intent, a person utters a check he

knows to be worthless.'"  Id. (citation omitted).  Similarly, we have held in Snead v.

Commonwealth, 11 Va. App. 643, 647, 400 S.E.2d 806, 808 (1991), that "bad check charges . . .

brought under Code § 18.2-181 . . . [are] not violations of [Code] § 18.2-95[, which defines

grand larceny,] or [Code] § 18.2-96[, which defines petit larceny]."  Although it could have, the

legislature did not write Code § 18.2-181 so as to designate the bad check offense involving a

value less than $200 to be "petit larceny."  By express terms, the legislature designated a

violation of Code § 18.2-181 to be a "Class 1 misdemeanor."

Code § 19.2-8, therefore, bars this prosecution, which was not commenced within one

year after there was a cause giving rise to the violation, because a violation of Code § 18.2-181

does not constitute either simple larceny or petit larceny, but does constitute "a misdemeanor"

offense.

> The purpose of a statute of limitations is to limit exposure to
> criminal prosecution to a certain fixed period of time following the
> occurrence of those acts the legislature has decided to punish by
> criminal sanctions.  Such a limitation is designed to protect
> individuals from having to defend themselves against charges
> when the basic facts may have become obscured by the passage of
> time and to minimize the danger of official punishment because of
> acts in the far-distant past.  Such a time limit may also have the
> salutary effect of encouraging law enforcement officials promptly
> to investigate suspected criminal activity.  For these reasons and
> others, . . . "criminal limitations statutes are 'to be liberally
> interpreted in favor of repose.'"

Toussie v. United States, 397 U.S. 112, 114-15 (1970) (citations omitted).

"If[, as in this case,] the language of a statute is plain and unambiguous, and its meaning

perfectly clear and definite, effect must be given to it regardless of what courts think of its

wisdom or policy."  Temple v. City of Petersburg, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944).

We may not extend the meaning of the statute "simply because it may seem to us that a similar

policy applies, or upon the speculation that, if the legislature had thought of it very likely broader

words would have been used."  <u>McBoyle v. United States</u>, 283 U.S. 25, 27 (1931).  Therefore, I

dissent.