Present:  Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and
Agee, JJ., and Compton, S.J.

LAURA L. FOSTER

                                         OPINION BY
v.  Record No. 050510      SENIOR JUSTICE A. CHRISTIAN COMPTON
                                       January 13, 2006
COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA


     In this criminal appeal, the sole question presented is
whether the five-year statute of limitations for petit larceny
applies when the defendant is charged with a misdemeanor bad-
check violation.

     The facts are undisputed.  In an arrest warrant issued on
April 24, 2003, it was charged that the defendant Laura L.
Foster, on February 17, 2002 in violation of Code § 18.2-181,
"did unlawfully . . . with the intent to defraud, make, draw,
utter, or deliver a check . . . drawn on the Marathon Bank in
the amount of $140.88, and made payable to Wal-Mart
Supercenter . . . Winchester, Va. . . . knowing that there
were insufficient funds in the account . . . for payment of
the check . . . ."

     There was no dispute that defendant committed the act
alleged.  She pled, however, that the one-year statute of
limitations for misdemeanors applied to the prosecution.

     Following conviction and sentence upon a plea of not
guilty in the general district court, the defendant appealed

to the circuit court, where she also was found guilty and sentenced to 12 months in jail with all but 14 days suspended.

Upon review, the Court of Appeals of Virginia affirmed the circuit court's judgment. Foster v. Commonwealth, 44 Va. App. 574, 606 S.E.2d 518 (2004). We awarded defendant this appeal.

Several statutes are involved in this controversy. Code § 18.2-181, a part of Virginia's Bad Check Law, as pertinent, provides:

> "Any person who, with intent to defraud, shall make or draw or utter . . . any check, . . . for the payment of money, upon any bank, . . . knowing, at the time of such making, drawing, [or] uttering . . . , that the maker or drawer has not sufficient funds in, or credit with, such bank, . . . for the payment of such check, . . . although no express representation is made in reference thereto, shall be guilty of larceny; and, if this check . . . has a represented value of $200 or more, such person shall be guilty of a Class 6 felony. In cases in which such value is less than $200, the person shall be guilty of a Class 1 misdemeanor."

Code § 18.2-96, not a part of the Bad Check Law, provides, as pertinent:

> "Any person who: 1. Commits larceny from the person of another of money or other thing of value of less than $5, or 2. Commits simple larceny not from the person of another of goods and chattels of the value of less than $200, . . . shall be deemed guilty of petit larceny, which shall be punishable as a Class 1 misdemeanor."

Code § 19.2-8, dealing with limitation of prosecutions generally, provides, as pertinent: "A prosecution for a misdemeanor . . . shall be commenced within one year next after there was cause therefor, except that a prosecution for petit larceny may be commenced within five years . . . ."

In this appeal, as below, the defendant contends it was error to permit the prosecution of a warrant for a misdemeanor bad-check charge that was issued more than one year after the date of the alleged offense. Conceding that she was charged with a "larceny" under Code § 18.2-181, she says the "dispositive issue" is whether she was charged with a "petit" larceny to fall within the exclusion of the one-year statute of limitations of Code § 19.2-8.

She argues there is no statutory authority that makes a misdemeanor bad-check charge a petit larceny. Dwelling on the headline as printed in the Code for § 18.2-96, which reads, "**Petit larceny defined; how punished**," and according substantive meaning to the headline, the defendant contends the legislature presumably offers a controlling definition of "petit larceny." She says: "The offense of misdemeanor bad check is clearly not encompassed in . . . Code § 18.2-96(1) because there is no element of a taking from the person."

She theorizes that the instant offense also is not encompassed in subsection (2) of § 18.2-96 because the

provision refers to "simple larceny." She argues that a bad-check charge is not a "simple" larceny because that crime must be without the victim's assent, citing Vaughan v. Lytton, 126 Va. 671, 679, 101 S.E. 865, 867 (1920), (simple larceny is the wrongful or fraudulent taking, of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently). She maintains that in passing a bad check, the taking is with the victim's assent.

Concluding, defendant contends that because a bad-check charge is not a "simple" larceny, necessarily it is not a "petit" larceny. And, if it is not a petit larceny, the offense does not fall under the exclusion of the one-year statute of limitations.

We reject the defendant's theory. A plain reading of the controlling statute, Code § 18.2-181, which makes the instant offense a crime, furnishes the complete answer to the issue presented.

The statute, a part of the Bad Check Law, provides that passing a bad check is "larceny." If the value is $200, or more, the crime is punished as a Class 6 felony. If the value is less than $200, it is a Class 1 misdemeanor. Therefore, it follows logically that a larceny which is a misdemeanor is a

petit larceny.  There are no other possibilities for other larcenies within the context of § 18.2-181.

Addressing defendant's reliance substantively upon the headline of Code § 18.2-96, and her argument in support, we are of opinion that the statute has no impact upon the foregoing analysis.  In the first place, "The headlines of the sections printed in black-face type are intended as mere catchwords to indicate the contents of the sections and do not constitute part of the act of the General Assembly."  Code § 1-217.

Secondly, the statute does not define the term "petit larceny" as a universal term of art.  It merely prescribes the penalty for two forms of misdemeanor taking, as the Court of Appeals noted.  Foster, 44 Va. App. at 581, 606 S.E.2d at 521. Cf. McCullough v. Commonwealth, 38 Va. App. 811, 814, 568 S.E.2d 449, 450 (2002) ("Code § 18.2-96, which defines 'petit larceny' . . .").

Accordingly, finding no error in the judgment of the Court of Appeals, we will affirm it.

Affirmed.