POWELL, J.,
dissenting.
I respectfully disagree with the majority that the evidence was sufficient to convict Carter of grand larceny of paint under Code § 18.2-95. In my view, the evidence was insufficient as a matter of law to show that Carter intended to steal paint from Home Depot rather than use the paint to obtain money from the store. Therefore, I dissent from the analysis and judgment in this case.
While it is true that we must view the evidence that tends to support conviction and uphold that conviction unless it is plainly wrong or without evidence to support it, this Court is equally obligated to reverse a conviction where the judgment is contrary to the law and evidence, i.e. is plainly wrong. Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001) (citing Code § 8.01-680; Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998); Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998); *710 Hickson v. Commonwealth, 258 Va. 883, 387, 520 S.E.2d 643, 645 (1999)).
As the majority correctly states, “ ‘[lJarceny, a common law crime, is the wrongful or fraudulent taking of another’s property without his permission and with the intent to deprive the owner of that property permanently.’ ” Hunt v. Commonwealth, 46 Va.App. 25, 29-30, 614 S.E.2d 668, 670 (2005) (quoting Tarpley, 261 Va. at 256, 542 S.E.2d at 763-64) (emphasis added). Larceny involves a taking and carrying away of a certain concrete article of personal property. Lund v. Commonwealth, 217 Va. 688, 691-92, 232 S.E.2d 745, 748 (1977). “[Wjhen an individual harbors the requisite intent to steal and permanently deprive the owner of property, acts on such intent by taking possession of the property even for an instant, and moves the targeted property, larceny has been committed.” Welch v. Commonwealth, 15 Va.App. 518, 522, 425 S.E.2d 101, 104 (1992) (emphasis added).
Here, Carter’s indictment alleged that Carter, “on or about August 22, 2007, feloniously did steal property, namely, paint, having a value of two hundred dollars ($200) or more, belonging to Home Depot, in violation of § 18.2-95 of the Code of Virginia.” In so doing, it was mandated that the Commonwealth prove that appellant intended to permanently deprive Home Depot of the paint.
The act committed by appellant is not easily classified. It is for this reason that “[n]ew crimes as embezzlement and false pretenses [were] developed to fill the gaps caused by the intricacies of proving possession in larceny prosecutions.” Foster v. Commonwealth, 44 Va.App. 574, 576, 606 S.E.2d 518, 519 (2004), aff'd, 271 Va. 235, 623 S.E.2d 902 (2006). Indeed, this Court has recognized that
the General Assembly began enacting statutes that declared persons who committed various acts of theft “shall be deemed guilty of larceny thereof.” [Thereby employing a] legal fiction in an effort to consolidate the law of theft and to eliminate the “indistinct,” “almost imaginary” differences *711 in what “all amount to a criminal and fraudulent conversion by one man to his own use of another man’s property.”
Id. at 576-77, 606 S.E.2d at 519 (quoting Anable v. Commonwealth, 65 Va. (24 Gratt.) 563, 580-81 (1873) (Moncure, P., dissenting)) (citations omitted). The General Assembly enacted statutes to supplement the common law “for the obvious purpose of affording more adequate relief than had previously been available to merchants from the increasing depredations of thieves.” Tweedy v. J.C. Penney Co., Inc., 216 Va. 596, 598-99, 221 S.E.2d 152, 154-55 (1976). See also Commonwealth v. Bruhn, 264 Va. 597, 601, 570 S.E.2d 866, 868 (2002) (holding that evidence that proved embezzlement was not sufficient to sustain a conviction for grand larceny because a trespassory taking was not proven). It is well recognized that under Virginia law, embezzlement, false pretenses, and larceny are three separate offenses and there is no general “theft” statute as in most states. See United States v. Good, 326 F.3d 589, 592 n. 5 (4th Cir.2003).
The majority contends that we can infer that the appellant intended to deprive Home Depot of the paint because he wrongfully took the paint. Such conclusion presupposes that appellant possessed the paint rather than obtained bare custody of it. In discussing the difference between bare custody and possession of personal property in the context of larceny, the Supreme Court of Virginia has stated that
[t]he owner of personal property may deliver it to another upon conditions, or in circumstances, which give the recipient bare custody of the property. Constructive possession remains in the owner. Examples are: a watch handed to a friend to time a race, the owner expecting its return at the end of the race; clothing handed to a customer in a clothing store, to try on for size, the owner expecting it to be returned if rejected, paid for if accepted; groceries loaded into a shopping cart in a supermarket, the owner expecting them to be paid for at a cash register before they are removed from the premises. Even though the property remains in the control of the custodian, asportation has not been completed until it is carried away in violation of the *712 condition precedent upon which it was delivered. But if the property is carried away before the condition is performed, with the intent to steal it from the owner, the act becomes larceny. This act converts the recipient’s bare custody to possession.
Pritchard v. Commonwealth, 225 Va. 559, 562, 303 S.E.2d 911, 913 (1983) (citations omitted). “ ‘There can be no trespass against mere custody; trespass can only invade possession and it can be perpetrated as easily by a custodian as by anyone else.’ ” Id. (quoting W. Clark & W. Marshall, Law of Crimes § 12.06, at 849 (7th ed.1967)); see also Bryant v. Commonwealth, 248 Va. 179, 184, 445 S.E.2d 667, 670 (1994) (reiterating that “the wrongful or fraudulent taking must be a trespass against the owner’s constructive possession”). The evidence in appellant’s case is not unlike the scenario where groceries are loaded into a cart—Home Depot retained constructive possession of the paint while appellant loaded the paint into the shopping cart and delivered the shopping cart to Browning because there is no evidence that appellant intended to steal the paint.
I do not believe that the evidence proved that Carter intended to permanently deprive Home Depot of the paint. To the contrary, the evidence established Carter intended to take temporary custody of the paint until Browning received the refund from Home Depot. Browning testified at appellant’s trial that their plan was to use the paint to obtain money and that the plan had not progressed as far as discussing what to do with the paint if she was unable to “return” it. The majority’s statements that the return of the paint was “conditioned” on Home Depot’s acceptance of the refund request implying that Browning and Carter would have kept the paint if no refund was obtained and that we can presume that the trial court found that Browning and Carter would have kept the paint to conceal their own wrongdoing are not supported by the record. First, as previously stated, Browning’s testimony was that they had not discussed what to do with the paint in the absence of a refund. More importantly, however, the presumption as to what the trial court found is dispelled *713 by the record. In making his ruling on the motion to strike, the trial judge found,
I think the overall intent from the evidence I’ve heard so far was to take the paint, take it up and get a false refund, get the money. And I think they certainly had the intent to steal when they went in there and when you use the paint and I think there was transportation because it was taken to the register and with the intent to use that as a vehicle to get the money, I think that’s sufficient....
Similarly, when making his final ruling, the trial judge stated,
I think when they take possession of the paint, it is moved at that time, with that intent in mind, that is a vehicle or agent then it allows them to commit the thrift [sic] of theft, which they are intending to do. And I think when that happens, that is sufficient for the larceny.
Clearly, the trial judge did not contemplate that Browning and Carter would have kept the paint as his statements indicate that he believed that the asportation of the paint within the store with the intent to turn it over for a refund was sufficient to establish the elements of the offense.
Likewise, the line of cases cited by the majority that one who takes property with the intent to return it only if he should receive a reward are not dispositive of the facts in this case, since there is no evidence, nor did the trial court conclude, that Carter and Browning were going to return the paint only if they received the money.
“[W]here an offense consists of an act combined with a particular intent, the intent must be established as a matter of fact, and ‘surmise and speculation as to the existence of the intent are not sufficient.’ ” Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955). The intent to temporarily deprive the owner of possession of property is insufficient to prove the intent to steal the property. See Tarpley, 261 Va. at 256-57, 542 S.E.2d at 763-64. Thus, I would hold that the Commonwealth failed to prove that appellant had the intent to permanently deprive Home Depot of the paint.
*714 Although the evidence is arguably sufficient to prove that Carter intended to obtain money from Home Depot by false pretenses, see Code § 18.2-178, the Commonwealth did not charge him with that offense or an attempt to commit that offense. “The Commonwealth cannot prosecute a defendant for a specific larceny and prevail by proof of another act of larceny for which the defendant ‘was not prosecuted Owolabi v. Commonwealth, 16 Va.App. 78, 80, 428 S.E.2d 14, 15 (1993) (quoting Baker v. Commonwealth, 225 Va. 192, 195, 300 S.E.2d 788, 789 (1983)). Accordingly, I would hold that the evidence was insufficient to support Carter’s conviction for grand larceny. For these reasons, I would reverse the conviction, vacate the judgment below, and dismiss the indictment.