COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:    Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference


JUSTIN BLAKE COX

                                                          OPINION BY
v.        Record No. 1360-20-4                   JUDGE GLEN A. HUFF
                                                          JULY 6, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
Alexander R. Iden, Judge

Ryan Campbell (King, Campbell & Poretz, PLLC, on brief), for
appellant.

Timothy J. Huffstutter, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Pursuant to a *nolo contendere* plea, Justin Blake Cox ("appellant") was convicted on one

count each of forcible sodomy, abduction with the intent to defile, sexual battery, and providing

alcohol to a minor. Following those convictions and appellant's sentencing hearing, appellant

filed an emergency motion to vacate his sentence. In that motion, appellant took issue with the

fact that the Frederick County Circuit Court (the "trial court") did not order a psychosexual

evaluation of him and have the report from that evaluation be part of its consideration for

sentencing—an omission which appellant asserts was contrary to statute. The trial court denied

appellant's motion, and appellant now appeals from that decision. For the reasons that follow,

this Court affirms the judgment of the trial court.

## I.  BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

trial." Williams v. Commonwealth, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672 (2004)). Viewed through this lens, the evidence shows the following:

Appellant was indicted for two counts of rape, two counts of forcible sodomy, and one count each of attempted forcible sodomy, abduction with intent to defile, sexual battery, contributing to the delinquency of a minor, and providing alcohol to a minor.[1] Appellant entered into a plea agreement, which provided that appellant would plead *nolo contendere* to one charge of forcible sodomy as well as the charges of abduction with the intent to defile, sexual battery, and providing alcohol to a minor. In exchange, the Commonwealth agreed to *nolle prosequi* the remaining charges. The parties agreed to the preparation of a presentence report. The plea agreement did not contain any terms as to sentencing.

At the conclusion of a hearing on March 5, 2020, the trial court accepted the plea agreement and convicted appellant on each of the offenses as set forth in the agreement. On March 18, 2020, the trial court entered a conviction order memorializing its rulings from the prior plea hearing.

On June 25, 2020, the trial court held a sentencing hearing. In that hearing, neither party requested that the trial court order a psychosexual evaluation of appellant or that the court defer sentencing to allow for such an evaluation and report. At the conclusion of the hearing, the trial court sentenced appellant as follows: fifty years, with forty years suspended, for forcible sodomy, fifty years, with forty years suspended, for abduction with the intent to defile, twelve months for sexual battery, and twelve months for providing alcohol to a minor. On July 21, 2020 the trial court entered a sentencing order memorializing its rulings from the sentencing hearing.

On July 17, 2020—after the trial court's sentencing pronouncement but prior to the trial court's entry of its written sentencing order—appellant filed an emergency motion to vacate his

---

[1] The victim in each charge was C.S., appellant's then sixteen-year-old niece.

sentence. In that motion, he argued, among other things, that Code § 19.2-301 required the trial court to order and consider a psychosexual evaluation and accompanying report of him prior to sentencing. Appellant requested that the trial court "vacate the current sentencing order, order a psychosexual evaluation, and set the matter for a new sentencing hearing."

In light of appellant's motion, the trial court entered an order staying execution of appellant's sentence and retaining jurisdiction of the matter pending a hearing on appellant's motion. Following the August 28, 2020 hearing on appellant's motion to vacate, the trial court denied appellant's motion, ruling that (1) Code § 19.2-301 did not independently require psychosexual evaluations of all defendants prior to sentencing, and (2) Code §§ 19.2-300 and -301 read together require such evaluations only when requested by one of the parties prior to sentencing. On September 8, 2020, the trial court entered an order which lifted the stay of execution of appellant's sentence and memorialized its denial of appellant's motion to vacate.

This appeal followed.

## II. STANDARD OF REVIEW

Appellant's assignment of error alleges that the trial court misconstrued Virginia's Code of Criminal Procedure in denying his motion to vacate the sentence and order a psychosexual evaluation. Accordingly, the assignment of error presents a question of "pure statutory interpretation" that this Court reviews *de novo*. Eley v. Commonwealth, 70 Va. App. 158, 162 (2019).

## III. ANALYSIS

Appellant avers that the trial court erred in denying his motion to vacate the sentence. Specifically, he contends the trial court was required by Code § 19.2-301 to order that he undergo psychosexual evaluation prior to sentencing, even though neither he nor the Commonwealth moved for such an evaluation prior to sentencing. He further argues that

- 3 -

because, in his view, Code § 19.2-301 imposes an unqualified duty on trial courts to order mental evaluations of defendants prior to sentencing, a trial court cannot circumvent that duty unless it finds that a defendant knowingly waives his or her right to a mental evaluation and accompanying report. This Court disagrees with appellant's reading of the statutory scheme.

"The primary objective of statutory construction is to determine legislative intent. In determining that intent, words are to be given their ordinary meaning, unless it is apparent that the legislative intent is otherwise." Phelps v. Commonwealth, 275 Va. 139, 142 (2008); see also Doulgerakis v. Commonwealth, 61 Va. App. 417, 420 (2013) (emphasizing that this Court "must assume that the legislature chose, with care, the words it used . . . and [this Court is] bound by those words as [it] interpret[s] the statute" (internal citations and quotation marks omitted)). In interpreting statutes according to their ordinary meaning, this Court considers them *in pari materia*, meaning this Court will not examine statutes "as isolated fragments of law, but as a whole, or as parts of a great connected, homogenous system, or a single and complete statutory arrangement." Prillaman v. Commonwealth, 199 Va. 401, 405 (1957) (quoting 50 Am. Jur., Statutes, § 349).

If the relevant language of a statute in question is ambiguous, this Court "must apply the interpretation that will carry out the legislative intent behind the statute." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007) (citation omitted). Nevertheless, in determining whether there is ambiguity in statutory language, this Court is careful to ensure that statutes "not . . . be construed by singling out a particular phrase." Eberhardt v. Fairfax Cnty. Employees' Retirement Sys. Bd. of Trustees, 283 Va. 190, 195 (2012) (internal citation and quotation marks omitted). As such, even if statutory language is subject to different interpretations when viewed in isolation, this Court will not consider language to be ambiguous

when its meaning is clear "in context." Eley, 70 Va. App. at 164 (quoting Blake v. Commonwealth, 288 Va. 375, 382 (2014)).

Finally, when this Court interprets penal statutes, it construes them "strictly against the Commonwealth," granting a defendant "the benefit of any reasonable doubt about the[ir] construction." Foley v. Commonwealth, 63 Va. App. 186, 192 (2014) (quoting Harris v. Commonwealth, 274 Va. 409, 415 (2007)). In doing so, however, this Court "will not apply an unreasonably restrictive interpretation of the statute that would subvert the legislative intent expressed therein." Armstrong v. Commonwealth, 263 Va. 573, 581 (2002) (internal citation and quotation marks omitted).

The statute upon which appellant relies is Code § 19.2-301, which falls under the sentencing chapter of Virginia's Code of Criminal Procedure. He specifically points to the opening sentence of the statute, which reads "The judge shall order the defendant examined by at least one psychiatrist or clinical psychologist who is qualified by specialized training and experience to perform such evaluations." Viewed in isolation, one might reasonably understand that statutory language to independently require a trial court to order a psychosexual evaluation of a defendant at some point prior to sentencing.

But a more comprehensive reading of the statutory scheme shows otherwise. To begin with, the title of Code § 19.2-301 reads "Judge shall require examination *under § 19.2-300*[.]" (Emphasis added).[2] And when looking to the text of Code § 19.2-300, it becomes clear that a trial court's obligation to order a psychosexual evaluation is conditional, not absolute:

---

[2] Of course, the title of a statutory section is "for information and convenience" and "does not give meaning to [the] statute." Foster v. Commonwealth, 44 Va. App. 574, 580 (2004). As such, this Court does not hold that the title of Code § 19.2-301 has any independent force, but rather simply notes that in this case, the title provides a clue that consideration of the statutory scheme, in context, requires Code § 19.2-301 to be read in conjunction with the text of Code § 19.2-300.

> In the case of the conviction in any circuit court of any person for any criminal offense which indicates sexual abnormality, the trial judge may on his own initiative, or shall *upon application* of the attorney for the Commonwealth, the defendant, or counsel for defendant or other person acting for the defendant, defer sentence until the report of a mental examination *conducted as provided in § 19.2-301* of the defendant can be secured to guide the judge in determining what disposition shall be made of the defendant.

(Emphasis added).

When read in conjunction with Code § 19.2-301, the plain import of this language is that a trial court is required to defer sentencing of a defendant only when one of the parties requests mental examination of the defendant. See Alsberry v. Commonwealth, 39 Va. App. 314, 318 (2002) ("[T]he decision to order a mental examination under Code § 19.2-300 is not discretionary when a defendant who has been convicted of an offense indicating sexual abnormality requests such an evaluation prior to sentencing for that conviction."). Alternatively, if neither party makes such a request, the trial court may—but is not required to—defer sentencing and order a mental examination on its own initiative. And once the process of securing a mental examination of the defendant is initiated—whether by application of one of the parties or on the court's own motion—the remaining process of administering the mental examination must then be "conducted as provided in" Code § 19.2-301.[3] In this way, Code

---

[3] For reference, the full text of Code § 19.2-301 and its procedural requirements reads as follows:

> The judge shall order the defendant examined by at least one psychiatrist or clinical psychologist who is qualified by specialized training and experience to perform such evaluations. Upon a finding by the court that a psychiatrist or clinical psychologist is not reasonably available for the instant case, the court may appoint a state licensed clinical social worker who has been certified by the Commonwealth as a sex offender treatment provider as defined in § 54.1-3600 and qualified by experience and by specialized training approved by the Commissioner of Behavioral Health and Developmental Services to perform such evaluations. The

§ 19.2-301 does not even come into play unless one of the triggering conditions in Code

§ 19.2-300 is met.

In short, Code § 19.2-301 does not independently require trial courts to order a mental

examination of a defendant prior to sentencing. Instead, it simply provides that *when* the process

of securing a mental examination of a defendant is initiated pursuant to Code § 19.2-300, a judge

"shall" thereafter order a mental examination in accordance with specific parameters and

examination shall be performed on an outpatient basis at a mental health facility or in jail. However, if the court specifically finds that outpatient examination services are unavailable or if the results of outpatient examination indicate that hospitalization of the defendant for further examination is necessary, the court may order the defendant sent to a hospital designated by the Commissioner of Behavioral Health and Developmental Services as appropriate for examination of persons convicted of crimes. The defendant shall then be hospitalized for such time as the director of the hospital deems necessary to perform an adequate examination, but not to exceed 30 days from the date of admission to the hospital. Upon completion of the examination, the examiners shall prepare a written report of their findings and conclusions and shall furnish copies of such report to the defendant, counsel for the defendant, and the attorney for the Commonwealth at least five days prior to sentencing and shall furnish a copy of the report to the judge in advance of the sentencing hearing. The report of the examiners shall at all times be kept confidential by each recipient, except to the extent necessary for the prosecution or defense of any offense, and shall be filed as part of the record in the case and the defendant's copy shall be returned to the court at the conclusion of sentencing. Any report so filed shall be sealed upon the entry of the sentencing order by the court and made available only by court order, except that such report or copies thereof shall be available at any time to the office of the Attorney General for assessment for civil commitment as provided in Chapter 9 (37.2-900 et seq.) of Title 37.2; any criminal justice agency, as defined in § 9.1-101, of this or any other state or of the United States; to any agency where the accused is referred for treatment by the court or by probation and parole services; and to counsel for any person who has been indicted jointly for the same felony as the person who is the subject of the report. Any such report shall without court order be made available to counsel for the person who is the subject of the report if that person is charged with a felony subsequent to the time of the preparation of the report.

- 7 -

procedures.[4]  Accordingly, this Court finds no error in the trial court's reading of the statutory

scheme or in its decision to deny appellant's motion to vacate.[5]

IV.  CONCLUSION

For the foregoing reasons, this Court affirms the judgment of the trial court.

<u>Affirmed.</u>

---

[4] It also bears mentioning that this Court's reading of the statutory scheme not only represents the most natural and harmonious reading of the scheme, but also avoids a troubling consequence inherent in appellant's interpretation:  a complete nullification of Code § 19.2-300's conditional language.  <u>See</u> <u>Hubbard v. Henrico Ltd. Partnership</u>, 255 Va. 335, 340 (1998) ("[E]very part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary.").

[5] Because this Court does not read Code § 19.2-301 to independently grant a defendant an absolute and unqualified right to a psychosexual evaluation and report prior to sentencing, there is no need to address appellant's secondary contention that a trial court must find that a defendant affirmatively waived his or her "right" to that evaluation and report.